Judge Rowan
delivered the opinion of the court,
in the last will and testament of col. Andrew Lewis, are the following clauses: — 1st. “To my son John I give the “tract, &c. also one thousand acres on Sinking creek in the ⅝1 Kentucky county, part of my two thousand acre tract, and “that he take the one thousand acres in a body at either “end, that may best please him.” 2d. “All the residue of “my lands, to-wit, 1000 acres, part of the two thousand “acres on Sinking creek in Kentucky county, &c. to be “equally divided, &c. between my sons Thomas, Andrew “and William.” There was in the tract aforesaid a surplus of 666 acres, or thereabouts.
Uaggin and Pope for plaintiffs,, Ilardin for defendants in error.
su^edng-tvis tract of Land to contain onW devise-1000 acres ⅛ nume'o to j and 1000 a-ro to T. A & Vv. the tract ⅛01:⅛2666 a" eres — tfcetes-tator qualty^and not to die intestate as to “>'Pan-
John Lewis departed this life not long after the testator, without having made choice of his portion of the tract a* foresaid, and his children, the plaintiffs in error, asserted, their right ⅛ the 566 acres surplus, on the ground that their father, John, was the eldst son of the testator, Andrew, and that the said surplus being undisposed of by the will aforesaid, had descended to him as heir at law, and to them as his heirs. The court below decreed them the thousand acres, and one half the surplus adjoining thereto. To reverse which decree, both parties (being dissatisfied therewith) sued out respectively their writ of error.
The correctness of the decree depends upon the construction of the two above recited clauses of the will. On the one side it is urged, that the testator having devised but two thousand acres of the said tract, died intestate as to the residue, and that it descended to the heir at law. On the Other side it is contended, that the testator gave, in terms, but 1000 «impart of the said tract to John; and that he gave the residue of the tract to Thomas, Andrew and William. It is a rule in construing a will, (and every other instrument of writing) (bat all the parts, which relate to the same swtyech are t0 he taken together; and that the same word used in two or more clauses in relation to the same matter, shall be construed to import the same meaning, in each clause.
The words lone thousand acres' in each devise, were used, no doubt, by the testator to indicate the quantity intended to ;,e passed thereby, under the impression that the tract contained but two thousand acres• if taken in their strict numerical import, would leave the surplus to descend to John: taken in connection with the other words with which (hey are associated in each clause, and particularly with words, which evince the qonviction of the testator, that there were but two thousand acres in the tract, they musti've think, be construed to import pretty strongly, that thé testators intention was to give orte half of the 2000 acre tract to John, and the other half io Thomas, Andrew, and William. ■
_ _ According to this exposition of the clauses above recited, the decree of the court below is correct, and must be affirmed. ' .