In the Matter of the Petition of KATE R. SIMONS and Another, Petitioners, to Render and Settle Their Intermediate Account as Trustees under the Last Will and Testament of SARAH KIRKMAN, Deceased.

Surrogate's Court, Kings County, June 27, 1929.

*Middlebrook & Sincerbeaux*, for the petitioners.

*Frederick A. Keck*, special guardian.

WINGATE, S. This is an application upon an intermediate accounting by the trustees under the will of Sarah Kirkman for a judicial construction of the last paragraph of the item of her will which is designated " Fifth (b)." This clause, in so far as pertinent, reads as follows:

" In trust * * * to * * * pay over the net income and profits thereof to and for the use of the children of my deceased sister Hannah Walker, to wit: Benjamin Walker, Rachel Holt,

Mary Pyle and John Walker, during the life of the said Benjamin and John Walker. Upon the death of both said Benjamin and John Walker, I direct my Trustees, or their successors, to pay and divide the principal of said fund in equal shares between the surviving of said children, and the issue of said deceased children, that is to say, each surviving child of Hannah Walker upon the death of said Benjamin and John Walker shall take one-fourth of the principal of said fund, and the issue of any deceased child shall take one-fourth of said fund *per stirpes*."

John Walker, one of the life tenants, has died, without issue, and two questions of construction are raised.

*First*, as to the disposition of the income of the fund since his death; and

*Second*, as to the manner of the disposition of the principal upon the death of Benjamin Walker, the second individual who is named as a measuring life.

. In the usual case, since the second question is not presently necessary of decision, the court would decline to pass upon it, but in view of the very unusual facts stated in the petition, the court is satisfied that it should presently be determined.

It is primary that in any question of construction, the effort of the court is to ascertain and follow the intention of the testator in so far as it is possible of ascertainment. (*Matter of Buttner*, 243 N. Y. 1; *Matter of Hughes*, 225 App. Div. 29; *Nicholas* v. *Farmers' Loan & Trust Co.*, 224 id. 540; *Matter of Smathers*, 133 Misc. 812; *Matter of Manning*, Id. 695.) When possible this intention must be gathered from the words of the testator and from an examination of the entire will. (*Matter of Jones*, 134 Misc. 26; *Matter of Roth*, 125 id. 351; *Matter of Dinkel*, 133 id. 868; *Matter of Buechner*, 226 N. Y. 440; *Matter of Crouse*, 244 id. 400.) Whereas it is permissible in order to give effect to testator's intent, when ascertained, to supply, omit or transpose words (*Matter of Kavanagh*, 133 Misc. 399; *Matter of Gallien*, 247 N. Y. 195), excision, which is here advocated by counsel, is always an extremely dangerous remedy, and should only be used as a last resort. (*Matter of Roth, supra.*) As is said by the Court of Appeals in *Matter of Rooker* (248 N. Y. 361, 364): " The intention of deceased is always to guide us in the construction of a will. When that can be discovered it will not be affected by any rule of construction. When doubtful, however, the courts have adopted such rules as to matters supposed to influence the average mind, and so to shed light where otherwise would be but darkness."

The first question concerns the provision for the disposition of the income. Did the four named children of testatrix's deceased

sister take a vested interest therein? If we remove from our minds the events which have occurred since the decease of testatrix, and which cannot, of course, be taken into consideration in determining what she meant at the time she executed the will, there can be no doubt that this question must be answered in the affirmative. The problem before us is not what testatrix might have done had she possessed sufficient prevision to foresee all possible future contingencies, but what she did do with the facts before her as she saw them. She plainly stated that this portion of the remainder was to be divided among Benjamin Walker, Rachel Holt, Mary Pyle and John Walker, both as to income and as to principal, the latter to be divided " one-fourth " to each. It is difficult to imagine language which would more clearly indicate an intention that one-fourth of this remainder was to vest absolutely in each of these four named persons. This being determined, the solution of the entire matter is plain, and it is not the office of the court to make a new will for testatrix.

One-fourth of this remainder, both income and principal, having vested absolutely in John Walker upon the death of testatrix, it was not subject to subsequent divestment. Consequently, the income after his death, and his quarter interest in the principal, belongs to his personal representatives, in view of his death without issue. A similar interest is vested in each of the other named children of Hannah Walker.

Submit decision and decree, on notice, accordingly.