In the Matter of the Estate of ANNA EVA HOFFMANN, Deceased.

Surrogate's Court, Kings County, February 17, 1933.

*John J. Quirk*, for the petitioner.

*Olcott, Holmes, Glass, Paul & Havens*, for Visiting Nurses Association of Brooklyn, legatee.

*Marcellus H. Evans*, special guardian for Walburger Spinner and Joseph Conrad Lewis, infants.

*Lammers & Mullaney [Frank E. Lammers* of counsel], for Mathias Hoffmann.

WINGATE, S. The question of testamentary construction presented in this proceeding is as to whether general legacies are to be considered a charge upon real estate passing under the residuary item of the will. Extended examination of the authorities is unnecessary at this time, since the pertinent decisions were largely reviewed and analyzed by this court in its opinion in *Matter of Lilienthal* (139 Misc. 225). As noted at page 235 of that opinion, one of the most cogent considerations in this connection is the fact, known to the testator at the time of the execution of the testamentary document, that his personalty was wholly inadequate for the payment of the general legacies bequeathed.

The general legacies given in the will at bar aggregate $15,250. The testimony at the hearing on May 19, 1931, definitely establishes the belief of the testatrix at the time of its execution that her total worth was about $16,000, of which approximately half the value was made up of real estate. It is obvious, therefore, that when she made the directions inserted in the will, she expected the real estate to be used in the payment of the general legacies, since it will be presumed that a will was honestly drawn, and that testatrix contemplated that all benefits would be paid in full. (*Matter of Smallman*, 138 Misc. 889, 897, and cases cited.)

The argument of testatrix's husband against an intention to charge, based on his relationship to the decedent, carries no weight whatsoever. They had been living separate for about fifteen years and it was her expressed desire that he have merely a small weekly allowance in view of her opinion as to his character and habits. This was provided for him in the " ninth " item of the will. The reason for his present attitude, in contesting a charge upon the residuary realty, is unquestionably due to the fact that because of the predecease of the residuary legatee, the real estate would pass to the contestant as intestate property were the charge to be denied. Had the residuary legatee survived the testatrix, the husband would have been the first to clamor for a charge, based on his relationship, so that the *pro rata* payment on his general legacy would be increased.

The sole question at issue in a proceeding like the present is the intention of the testator at the moment of the execution of the will (*Matter of Smallman*, 138 Misc. 889, 896; *Matter of Sheffer*, 139 id. 519, 522; *Matter of Tuozzolo*, 141 id. 251, 253; *Matter of Mehler*, 143 id. 63, 64; *Matter of Mann*, 145 id. 360, 361), and this will not be altered by events which subsequently occurred (*Matter of Kirkman*, 134 Misc. 527, 529; *Matter of Gargiulo*, 138 id. 90, 99; *Matter of Morningstar*, 143 id. 620, 622, 623), such as the predecease of the residuary legatee in this case.

Proceed accordingly.