In the Matter of the Estate of LENA KRAMER, Deceased.

Surrogate's Court, Kings County, November 28, 1934.

*Robert H. Elder*, for Charles Kramer.

*Conrad J. Ruby*, for George Kramer.

*E. A. Deutschman*, for Mollie and Mildred Kramer.

*Walter Jeffreys Carlin*, special guardian for Eleanor Robbinovitz and others.

WINGATE, S.   As this court has had frequent occasion to observe, a testator, in respect to property made subject to the trust provisions

of his will, had two things which he might lawfully give, namely, *first*, the use of the property for not exceeding two lives in being, and, *second*, the ultimate possessory enjoyment thereof.

By the provisions of the fifth item of the will at bar the present testatrix attempted to give these two varieties of gifts to two different sets of people, the former to her daughters, Mollie and Mildred, and the latter to the eleven persons named in subparagraph (c) or their descendants.

The direction in the former regard was that the income " for a period of five (5) years, commencing with the date of my death " should go to Mildred and Mollie in the percentages of one-third and two-thirds, " it being my intention to create a five (5) year trust by this clause."

Were this the sole direction in respect to the income, it would patently be void as measured by a definite term of years and not by lives in being at the death of the testator. (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Trowbridge* v. *Metcalf*, 5 App. Div. 318, 321; affd., 158 N. Y. 682; *Beekman* v. *Bonsor*, 23 id. 298; *Rice* v. *Barrett*, 102 id. 161, 164; *Matter of Hitchcock*, 222 id. 57, 72; *Matter of Stulman*, 146 Misc. 861, 867.)

It is the contention of the special guardian, however, that the succeeding subparagraph saves the situation. This reads: " (c) Should any of my aforesaid daughters Mollie Kramer or Mildred Kramer, pre-decease me or die within the five (5) year period, then the income of the said trust fund that should have come to the daughter who died, shall be paid to the surviving daughter. And in the event that both of my aforesaid daughters, Mollie Kramer or Mildred Kramer, pre-decease me, then this trust shall come to an end."

The only possibilities envisioned in this subparagraph for the purpose of varying the absolute five-year term of the trust are obviously (a) that either but not both of the daughters predecease the testatrix; (b) that either but not both of the daughters survive the testatrix; in either of which contingencies the entire income shal be payable to the survivor; and (c) that both predecease the testatrix, in which event the trust shall end.

No provision is, however, made for the most important contingency so far as the validity of the suspension of alienation is concerned, namely, for the termination of the trust if both daughters survive the testatrix but both predecease the termination of the five-year term by which the trust is expressly measured.

The special guardian in effect argues that a provision should be read into the will to the effect that upon the occurrence of this unmentioned contingency, the trust should end, but as the court

views the matter, this would be making a new and better will for the testatrix which it is powerless to do. (*Matter of Kennedy*, 149 Misc. 188, 189; *Matter of Hopner*, 148 id. 748, 752; affd., 242 App. Div. 652; *Matter of Howells*, 145 Misc. 557, 559; *Matter of Shumway*, 138 Misc. 429, 434; *Matter of Kirkman*, 134 Misc. 527, 529.)

The intent of the testatrix to suspend the power of alienation for an absolute term of five years is inescapable. She said so expressly in four different places; the only limitation on this absolute desire was in the event that both daughters died before she did.

The controlling potency of this desire is further reinforced by the fact of her postponement of the remainder gifts, which were made payable " after five (5) years have elapsed after the date of my decease." This in itself rendered them void for remoteness of vesting, in view of the fact that the ultimate takers were not definitely ascertainable. (*Matter of Fleishfarb*, 151 Misc. 399, 402, and authorities cited.)

Since, therefore, it is apparent that the continuance of the trust for an absolute period of five years and the vesting of the remainders in possession only upon the expiration thereof was the dominant intention of the testatrix, it must be determined that the primary trust was an infringement of the statutes pertinent in this connection. As the persons to whom the remainders are to pass are not definitely ascertainable, no acceleration may take place. (*Matter of Terwilligar*, 135 Misc. 170, 183, 184; affd., on opinion of this court, 230 App. Div. 763; *Matter of Mann*, 138 Misc. 42, 46; *Matter of Wickham*, 139 id. 729, 731; *Matter of Burling*, 148 id. 835, 844.) It follows that the testatrix died intestate as to the residue of her estate (*Matter of Weil*, 151 Misc. 841, 848, and authorities cited), and that it is to be distributed as intestate property.

Enter decree on notice accordingly.