In the Matter of the Estate of ABE WEINSTEIN, Deceased.

Surrogate's Court, Kings County, March 6, 1936.

*Marcus Siegel,* for the executrix, Dora Weinstein.

*E. Ivan Rubenstein,* special guardian for the infant contingent remaindermen.

*Irwin Spielman,* for Rose Halpern, legatee.

WINGATE, S.   By the third item of his will the testator erected the residue of his estate into a trust with the income payable to his wife for life.   The devolution to follow her death, which has now occurred, is imperfectly expressed.   By the fourth item $1,000 of the principal is immediately payable to a named daughter. The disposition of the balance, in so far as one is made, is contained in the fifth item, which reads as follows: " After the death of my wife if all my children me surviving shall have been married, or in the event that any of them, my wife surviving, have not married and the youngest child surviving shall have attained the age of forty (40) years, I direct my Trustee then living, to divide the aforesaid estate, so held in trust, into as many shares as I shall have left children surviving and I give, devise and bequeath one of each of said shares unto each of my said children respectively, absolutely and in fee simple.   In the event that any of my children shall die prior to the aforesaid time, leaving children him or her surviving, then to such children, *per stirpes,* I give, devise and bequeath the share their parent would have taken upon the distribution and division had they lived."

The testator was survived by the widow and by nine children, all of whom were living at the time of her death and are still alive. Four of the children have married and five have not.   The youngest children are twins and have not attained the age of forty years.

All parties to this proceeding assume that the effect of the terms of the will is to erect a trust measured by the life of the widow and by that of testator's youngest child, with a further limitation for termination on the attainment by the latter of the age of forty. With this as a premise, the executrix then argues that the supposed secondary trust measured by the life of the youngest child is

invalid for the alleged reason that the youngest child is a twin and that, in consequence, the trust as a whole is measured by three lives. This argument is indeed novel but, of course, wholly specious, since the accident of consecutive birth cannot transform two persons into one, and immediately again metamorphose them into two.

In the opinion of the court, however, the result of intestacy as to the remainder (except the $1,000 expressly given), which is sought by the executrix, is unavoidable for reasons not advanced by her.

The will may be searched in vain for any expression of a testamentary intention for a perpetuation of a trust subsequent to the death of the widow. There is no direction for any continued retention of the corpus nor for any disposition of the income. All that the testator has said is that in the event of the occurrence of two specified contingencies, he desired the principal to be distributed in a specified manner. These contingencies were that all of his children had married or that the youngest had attained the age of forty at the date of death of the widow. Both were conditions precedent to the vesting of any remainder interest under the will, and neither eventuated, wherefore, for present purposes, the situation is precisely the same as if no direction for remainder distribution had been made. (*Caw* v. *Robertson*, 5 N. Y. 125, 134, 135.)

It is merely another instance of the frequently occurring situation where the testator failed to foresee and provide for the eventuality which has actually occurred. Since the only disposition which is made is based on conditions which have failed of fulfillment, the result must be the same as if no residuary disposition whatsoever had been made, and the remainder of the corpus of the trust for the widow less the $1,000 outright bequest passes in intestacy. (*Matter of Blasius* 134 Misc. 753, 755.) The sort of disposition which the testator would have made, had he made any, is a purely speculative question, decision of which would amount to the improper action of a fabrication by the court of a new will. (*Matter of Kramer*, 153 Misc. 606, 607, 608, and authorities cited.)

It is accordingly determined that the remainder, after deduction of the $1,000 to Dora, passes in equal shares to the nine children who survived both the testator and the widow.

Enter decree on notice.