BANK OF NEW YORK, as Surviving Trustee under the Will of COURTLANDT PALMER, JR., Deceased, et al., Respondents, *v.* COURTLANDT PALMER et al., as Executors of MAY S. PALMER, Deceased, et al., Respondents, and MARK SIKELIANOS et al., Appellants.

First Department, May 4, 1945.

*James Wilson Young,* guardian ad litem and attorney for appellants Robert A. Riley, Marian Riley Beggs; *James Wilson Young,* as guardian ad litem for Joseph Milton Beggs, Dexter Riley and Rosemary Riley.

*Isidore G. Needleman,* guardian ad litem for defendant-appellant Mark Sikelianos and Christopher Sikelianos and attorney for defendant-appellant Glafkos Sikelianos.

*Chester B. McLaughlin* of counsel (*Alfred P. O'Hara* with him on the brief; *McLaughlin & Stickles,* attorneys), for appellants Catharine A. P. Riley and Marian S. P. Wilcox.

*Richard N. Crockett* of counsel (*Cadwalader, Wickersham & Taft,* attorneys), for respondents, Courtlandt Palmer and Bank of New York, as executors of the last will and testament of May Suydam Palmer, deceased, Courtlandt Palmer, individually, and Eva P. Sikelianos.

*Thomas B. Fenlon* of counsel (*Emmet, Marvin & Martin,* attorneys), for defendant-respondent Belle Palmer as executrix of the last will and testament of Robert Amory Palmer, deceased.

COHN, J. During his lifetime Courtlandt Palmer, Sr. (hereinafter referred to as " Courtlandt Sr.") created *inter vivos* trusts for each of his four children, the eldest of whom was Courtlandt Palmer, Jr. (hereinafter referred to as " Courtlandt Jr."). Several deeds of trust were executed by the father. The two controlling deeds of trust were executed on November 9, 1867, and November 22, 1872. By them Courtlandt Sr. created a life interest in Courtlandt Jr. in the income from an undivided one fourth of the grantor's property, with a limited power of appointment of the principal. The limitation permitted Courtlandt Jr. to appoint only to his own children and to issue of his deceased children, " in such shares and proportions and on such terms and conditions or on such trusts " as he might appoint, subject to a charge on the income to the extent of $7,000 a year for the benefit of Courtlandt Jr.'s widow.

The power of appointment granted by his father was exercised by Courtlandt Jr. in his last will and testament. He directed that the corpus of his trust be divided into four shares, one for each of his children, to be continued in trust during such child's life, with a power of appointment again strictly limited to the child's issue. If any child were to die without issue, the corpus of his or her trust was to be divided into as many shares as such deceased child left brothers and sisters surviving, and collective issue of a deceased brother or sister. The share of a

surviving brother or sister was to be continued in trust during his or her life, with the same powers and subject to the same limitations as applied to the shares originally set apart for such brother or sister. The share of collective issue of a deceased child went to them outright.

Courtlandt Jr. died on July 23, 1888, survived by his four children: (1) Robert A. Palmer, who died May 28, 1927, leaving surviving his second wife, Belle Palmer, and Catharine A. P. Riley and Marian S. P. Wilcox, children by his first wife; (2) May Suydam Palmer, who had no issue upon her death on December 27, 1941; (3) Courtlandt Palmer III, still living, unmarried and without issue and (4) Eva P. Sikelianos, still living, married and with one child named Glafkos Sikelianos, who in turn has two children.

Following the death of May Suydam Palmer (hereinafter referred to as " May ") who was one of the aforementioned children of Courtlandt Jr., this action was brought by the trustees of the trust for her, for the judicial settlement of their accounts, an interpretation of the will of Courtlandt Jr. and for a determination as to the manner in which the remainder of the trust for May was to be distributed.

May having died without issue, Courtlandt Jr.'s will directed that in such event the principal of her trust be divided into three shares: One share to go outright to appellants Catharine A. P. Riley and Marian S. P. Wilcox as the collective issue of Robert A. Palmer, a deceased child of Courtlandt Jr., the other two shares to be continued in trust, one share during the life of Courtlandt Palmer III and the other during the life of Eva P. Sikelianos.

The devise of one third to the children of Robert A. Palmer was concededly valid because it had been held in trust during but two lives, that of Courtlandt Jr. and of May. The provision for the continued trusts during the lives of Courtlandt Palmer III and Eva P. Sikelianos involved a suspension of the power of alienation during three lives — that of Courtlandt Jr., of May and of Courtlandt Palmer III or of Eva P. Sikelianos. This was in violation of statute and was, therefore, invalid. (Real Property Law, § 42; Personal Property Law, § 11; *Matter of Gorham*, 283 N. Y. 399.)

On this appeal, the main issue is whether the valid provision of the will of Courtlandt Jr. which, through the exercise of the power of appointment, directs that one third of the principal of May's trust be paid over outright to the issue *per stirpes* of his deceased son Robert A. Palmer, can be separated from the

attempted invalid appointments in trust of the remaining two thirds.

The trial court decided that since the attempted disposition by Courtlandt Jr. of two thirds of the remainder of the trust property held for May is invalid, the disposition of the entire remainder must fall; that the property must be distributed under the provision of the deeds of trust made by Courtlandt Sr. as in default of the exercise of the power of appointment granted by him to Courtlandt Jr.; that the property is, therefore, distributable in equal shares to the four children of Courtlandt Jr. living at the time of Courtlandt Jr.'s death. This would result in the following distribution: One fourth of the principal of May's trust would pass to the estate of Robert A. Palmer, deceased; one fourth to the estate of May, deceased; one fourth to Courtlandt Palmer III and one fourth to Eva P. Sikelianos.

Courts will strain to effectuate as far as possible the purpose of the testator. " If we can read into a will an intention to preserve any part of it, even with the illegal portions stricken out, the court will do so.'' (*Matter of Durand,* 250 N. Y. 45, 53, *Matter of Summerfield,* 172 Misc. 509, 512 [FOLEY, S.].) '' The courts will excise the invalid portions of a will and preserve the remainder where such excision does not pervert or deform beyond recognition the intention of the testator.'' (*Matter of Lyons,* 271 N. Y. 204, 209 [LEHMAN, J.]; *Matter of Eveland,* 284 N. Y. 64.)

Here the pattern of Courtlandt Sr. and Courtlandt Jr. for the devolution of the property of Courtlandt Sr. was to vest the corpus of the trust property only in lineal descendants of Courtlandt Sr. The purpose of the composite plan as indicated in the trust deeds of Courtlandt Sr. and in the will of Courtlandt Jr. was that, so far as legally possible, no one but descendants of their own blood should share in the enjoyment of Courtlandt Sr.'s property. The primary object of the testator's bounty in keeping with the power of appointment was the testator's children and their descendants. If the entire remainder of May's trust is disposed of as though Courtlandt Jr. had failed to exercise his power of appointment, a share of that property will fall into the hands of those who were not the primary objects of his bounty.

Moreover, Courtlandt Sr.'s deeds of trust expressly provide that if any provision thereof be invalid, it shall be considered null and void and the valid parts permitted to stand. May's trust was created by the will of her father under the power

granted by the trust deeds of Courtlandt Sr. " The appointment under the power is to be read into the will by which the power was created and the validity of the gift determined as if the provision thus incorporated had been there from the beginning." (CARDOZO, Ch. J., *Bishop* v. *Bishop,* 257 N. Y. 40, 51.) To permit the valid one-third gift, we are persuaded, is in accord with the intended plan of devolution. The valid one-third share to appellants Catharine A. P. Riley and Marian S. P. Wilcox should, accordingly, be carried out as provided by the terms of the will of Courtlandt Jr.

As to the remaining two thirds of the principal of May's trust, it is argued that the remainders of the two invalid trusts should be accelerated and paid over one half to Catherine A. P. Riley and Marian S. P. Wilcox, as the collective issue of Robert A. Palmer, and the other one half to Glafkos Sikelianos, the only child of Eva P. Sikelianos. In support of this plan, it is contended that the testator's primary purpose was to insure the enjoyment of the principal by his grandchildren, or their issue. However, " The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course." (*Matter of Durand, supra,* 55; *Kalish* v. *Kalish,* 166 N. Y. 368, 375; *Matter of Silsby,* 229 N. Y. 396.) The persons who would enjoy the remainders of the illegal trusts in this case, if they were allowed to run their course, are both contingent and uncertain. For example, if the cross trust for Eva P. Sikelianos were allowed to continue during Eva's life, her son Glafkos, who now has two children, might predecease his mother, in which event Glafkos' surviving children would be entitled to this portion of the remainder. If the cross trust for Courtlandt Palmer III were to continue, it is remotely possible that he might marry and have issue who would take the remainder to the exclusion of all other members of the family; nor is there any assurance that the two children of Robert A. Palmer would be living when either one of the illegal trusts would have expired.

In the circumstances, the two-thirds portion of May's trust which was invalidly appointed as cross trusts must fail and such portion of May's trust must be granted and conveyed according to the method directed by the deeds of trust of Courtlandt Sr., namely, " in fee simple to the children of said Courtlandt Palmer Junior who shall survive him * * *."

We, accordingly, decide that the principal of the trust of May should be distributed as follows: ⅓ of the principal of the trust is payable to the issue of Robert A. Palmer, deceased, *per stirpes.*

The remaining ⅔ having been invalidly and ineffectually disposed of by the will of Courtlandt Jr. deceased, the same pass to the surviving children of Courtlandt Jr. and to the estates of those who have since died, as follows: 1/6 (¼ of ⅔) to the estate of Robert A. Palmer, deceased; 1/6 (¼ of ⅔) to the estate of May, deceased; 1/6 (¼ of ⅔) to Courtlandt Palmer III; 1/6 (¼ of ⅔) to Eva P. Sikelianos.

Appellants Robert A. Riley and others, descendants of the appellant Catharine A. P. Riley, urge that a certain judgment of the Supreme Court, New York County, dated February 4, 1891, is *res judicata* as to the validity of the attempted disposition of the remainder of the trust by the will of Courtlandt Jr. We find that said judgment in 1891 determined only that Courtlandt Jr. had validly appointed the trust property to trustees for the benefit of his four children then living and that such trustees had the power and authority to mortgage the property involved. We think the trial court properly held that " * * * on the question of the legality of the appointment in contingencies which had not then occurred, and which might never occur, the court was under no obligation to make any decision, and in fact, would not make a decision." (*Matter of Mount*, 185 N. Y. 162; *Looram* v. *Looram*, 269 N. Y. 296; *Matter of Trevor*, 239 N. Y. 6.)

The judgment so far as appealed from should be modified by directing that one third of the principal of May's trust be distributed to appellants Catharine A. P. Riley and Marian S. P. Wilcox and that the remaining two thirds be divided equally as follows: One fourth to the estate of Robert A. Palmer, deceased; one fourth to the estate of May, deceased; one fourth to Courtlandt Palmer III and one fourth to Eva P. Sikelianos, and as so modified affirmed, with costs to all parties appearing by separate attorneys and filing separate briefs, payable out of the fund.

Martin, P. J., Untermyer, Dore and Callahan, JJ., concur.

Judgment so far as appealed from unanimously modified by directing that one third of the principal of May's trust be distributed to appellants Catharine A. P. Riley and Marian S. P. Wilcox and that the remaining two thirds be divided equally as follows: One fourth to the estate of Robert A. Palmer, deceased; one fourth to the estate of May, deceased; one fourth to Courtlandt Palmer III and one fourth to Eva P. Sikelianos, and as so modified affirmed, with costs to all parties appearing by separate attorneys and filing separate briefs, payable out of the fund. Settle order on notice.