In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY et al., as Trustees under the Will of JACOB P. BAITER, Deceased, Respondents.

KATHRYN F. EVANS, Respondent; HOUSTON V. EVANS, JR., et al., Appellants.

Second Department, November 19, 1945.

*Robert H. Koehler* for Russell Page Koehler, as special guardian of Houston V. Evans, Jr., and another, infants, appellants.

*Monroe E. Stein* for Kathryn Field Evans, respondent.

*Per Curiam.* Appeal from a decree of the Surrogate's Court, Suffolk County, settling the trustees' account and construing the wills of Jacob P. Baiter and Gertrude Baiter Field, both deceased.

Jacob P. Baiter died October 2, 1925. Under his will his daughter, Gertrude Baiter Field, was given a life estate in one fourth of his residuary estate. She was also given the power to appoint the entire principal of said share " to such of her lawful children or her lawful issue, in such shares and for such estates, and on such conditions as she may think fit, by Deed or by Will * * *." In case she left " no such valid appointment," the principal of said share was devised by the donor's will to " her children, her surviving, and the lawful issue of any of her children who may have predeceased her, in equal shares, per stirpes and not per capita."

Gertrude Baiter Field died July 4, 1942. Paragraph " Fourth " of her will purports to exercise the power of appointment conferred upon her by her father's will. The first subdivision of paragraph " Fourth " of her will makes an absolute gift of one half of the principal to Gertrude's son, Edward Pearsall Field, Jr. No question is raised as to the validity of this gift. Subdivision 2 of paragraph " Fourth " contains the provisions as to which construction has been sought. By this subdivision, Gertrude provided for the appointment of a trustee of the remaining one half of the corpus. Under subparagraph (a) of subdivision 2, the trustee was directed to pay the income from this one-half share to Gertrude's daughter, respondent Kathryn Field Evans, for life. The succeeding subparagraphs of this subdivision read as follows:

"(b) Upon the death of my said daughter, or if she shall predecease me, in either case, leaving her issue surviving or issue of deceased children surviving, to divide the principal

of the aforesaid trust, together with the unexpended income accrued thereon, into as many equal shares or portions as there may be children surviving her, and children who have predeceased her, leaving them issue surviving.

"(c) To pay over and distribute forthwith to such surviving child or children of my said daughter as shall have attained the age of 21 years, and to the issue of any such deceased child or children, per stirpes, his, her or their equal portions or shares absolutely.

"(d) To keep and retain the equal portions or shares of such of my daughter's children as shall not have attained the age of 21 years, and to pay the net annual income or avails thereof to the Testamentary Guardian hereinafter named of such infant children, for their use and benefit, until such child or children shall have attained the age of 21 years, and thereafter to pay to such child so attaining the age of 21 years, his equal portion or share so theretofore set aside, together with any and all unexpended income accrued thereon.

"(e) Should any of my daughter's surviving children die before he or she shall have received his or her distributive portion or share of the principal so theretofore set aside as aforesaid, leaving him, her or them issue surviving, then forthwith to pay to such surviving issue in equal shares, the portion or share of the principal so theretofore set aside, but if such surviving child or children shall die without issue, then to divide the principal thereof, together with the unexpended income accrued thereon, into as many equal portions or shares as there may be remaining children surviving my said daughter, and children who have predeceased her leaving them issue surviving, and as to those who have attained the age of 21 years, and as to the issue of such predeceased children per stirpes, to pay over and distribute to them forthwith, their shares absolutely, and as to those surviving children of my said daughter who have not attained the age of 21 years, to add their shares to the portions or shares of the principal of the trust so heretofore set aside for them in pursuance of the terms of Paragraph Fourth, section 2 (d) hereof, to be held, paid and distributed upon the same terms, trusts and conditions.

"(f) Upon the death of my said daughter, or if she shall predecease me, in either case, without issue her surviving, to pay to my said son, or if he shall have predeceased my said daughter, then to his issue in equal shares, absolutely, the one-half portion or share which I have heretofore directed to be held in trust for the benefit of my said daughter and her issue."

The Surrogate has held that these provisions improperly suspend the power of alienation, that Gertrude Baiter Field did not validly exercise her power of appointment, and that, therefore, the corpus of the trust should be divided under the provisions of the donor's will so that one half thereof goes to respondent Kathryn Field Evans and the other half to said respondent's brother Edward. Since Edward received an outright gift of one half of the property which Gertrude had the power to appoint, the decree directed payment of three quarters of the corpus of such property to Edward, and of the remaining quarter to respondent Kathryn Field Evans. She has not appealed from the decree.

The resulting inequality, the invalidation of respondent Evans' life estate and the complete excision of the remainder interests contravene the intention of the testator. The life estate given to respondent Evans was clearly valid and should have been upheld. (*Matter of Lyons,* 271 N. Y. 204.) The testator's disposition of the remainder anticipated several alternative contingencies upon the death of said respondent. Provision was made for the contingency of her death without children; for her death survived by adult children; and for her death survived by some, or only minor children. Which of these contingencies will occur, it is not now possible to ascertain. The dispositions provided for in the event the respondent is survived by no children or only by adult children are clearly valid. The remainder gifts might be totally or partially invalid if the respondent is survived by all or some minor children. With the validity of these remainder gifts, we need not now be concerned. Determination of the validity of the remainder gifts may be deferred until after the death of respondent Evans. By the light of what has then happened, it will be more clearly possible to separate the good from the bad portions of the will. (*Matter of Mount,* 185 N. Y. 162; *Matter of Trevor,* 239 N. Y. 6, 18; *Looram* v. *Looram,* 269 N. Y. 296; *Bank of New York* v. *Palmer,* 269 App. Div. 229, 237.)

Since the special guardian reserved the right to examine the account of the trustees pending a determination of whether Gertrude Baiter Field had validly exercised her power of appointment, and since the portion of the decree invalidating the exercise of the power is to be modified, the special guardian should be given an opportunity upon remission of the proceeding to the Surrogate's Court to raise any objections he may have to the account.

The decree, insofar as appealed from, should be modified on the law in accordance with this opinion, with costs to the parties filing briefs, payable out of the estate, and the proceeding should be remitted to the Surrogate's Court, with leave to the special guardian to file such objections as he may have to the trustees' account.

· CLOSE, P. J., HAGARTY, JOHNSTON, LEWIS and ALDRICH, JJ., concur.

Decree of the Surrogate's Court, Suffolk County, insofar as appealed from, modified on the law in accordance with the opinion *Per Curiam* herein, with costs to the parties filing briefs, payable out of the estate, and the proceeding remitted to the Surrogate's Court, with leave to the special guardian to file such objections as he may have to the trustees' account.