In the Matter of the Construction of the Will of GEORGE H. BELL, Deceased.

Surrogate's Court, New York County, March 6, 1953.

*J. Wesley Hart* for Chemical Bank & Trust Company, as successor trustee under the will of George H. Bell, deceased, petitioner.

*Donald Vail* for Marjorie B. Fox, respondent.

*Robert F. Dart* and *H. S. Tunick* for House of the Good Samaritan, respondent.

*Francis R. Curry,* special guardian for William Fox, an infant, respondent.

COLLINS, S. The successor executor has asked the court to construe paragraphs sixth through seventeenth of decedent's will. The testator left an estate consisting of real property valued at $110,000 subject to a first mortgage of $44,800.20 and insufficient personal property to satisfy certain legacies provided by the will. He left surviving him his granddaughter and sole distributee, Marjorie B. Fox, and two great grandchildren, the children of Marjorie B. Fox, only one of whom, William Fox, was alive at the date of the execution of the will. The petitioner and Marjorie B. Fox contend that the trust of decedent's real property which the will purported to establish is invalid, and request the court to determine the disposition of such real property, as well as the validity of various legacies which the will attempted to provide. The House of the Good Samaritan and William Fox, by his special guardian, the two named residuary legatees of the corpus of the purported trust of the real property, urge the court to sustain the validity of the trust and determine the distribution of the income and principal thereof accordingly.

By paragraph seventh of the will testator gave his residuary estate, consisting entirely of the real property, to his executors

and trustees to hold in trust and collect the income therefrom, authorizing them to retain such property, stating " it is my desire to guard and protect this trust against jeopardy of competition, hard times, vacancies and possible mortgage foreclosure for William Fox or his heirs and House of Good Samaritan ", by paragraph tenth authorizing and directing them, " From the income derived  *   *   *   to pay off and discharge all liens and encumbrances on any real estate  *   *   *   belonging to my estate after my death or to this trust  *   *   *   " and directing that " all of the income available, except certain bequests provided in this Will for such purpose shall, as rapidly as possible, be used to pay and fully discharge such liens and encumbrances." Both House of the Good Samaritan and William Fox concede that the latter provision is void under section 61 of the Real Property Law and section 16 of the Personal Property Law as a direction to accumulate rents and profits for a purpose other than one which is specifically permitted by statute. (*Hascall* v. *King,* 162 N. Y. 134.) However, they urge the court to excise this admittedly invalid direction and sustain the trust on the ground that testator's dominant purpose was to benefit equally William Fox and House of the Good Samaritan. The difficulty with this argument is that a careful reading of the will indicates that testator seemed even more concerned with paying off the encumbrances on the real estate than with benefiting the residuary legatees. Thus, no provision is found in the will for disposition of the income from the trust (apart from the annuity in a limited amount provided in paragraph fourteenth) other than the direction to pay off liens and encumbrances. In paragraph eleventh, testator expresses his desire that even after the liens are all paid off " the trust shall not be terminated before at least 1960, at which time William Fox will be about 27 years old." Such an attempt to create a trust for a fixed period of years not dependent on not more than two lives in being is void under section 42 of the Real Property Law and section 11 of the Personal Property Law. (*Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Kramer,* 153 Misc. 606.) In paragraph twelfth appears the direction that " After final payment is made on mortgage and mortgage satisfaction recorded, then two (2) years are to be allowed for the sale of property and dissolution of this trust." While such a provision standing alone might not in itself require the trust to be stricken down (*Robert* v. *Corning,* 89 N. Y. 225), such a direction used in conjunction with the other invalid provisions weighs in the balance heavily against the attempt to sustain this trust. (*Matter*

*of Kramer,* 153 Misc. 606.) Although both House of the Good Samaritan and William Fox urge that the duration of the trust can be related to the lives of William Fox and Marjorie B. Fox and thus sustained (citing *Matter of Wogatzky,* 194 Misc. 101; *Appell* v. *Appell,* 177 App. Div. 570, affd. 221 N. Y. 602), the testator's direction quoted above, as well as the provision of paragraph fourteenth that an annuity of $40 per month is to be paid to Marjorie B. Fox for life and then to William Fox "as long as this trust shall last", clearly indicate that the testator intended the duration of the trust to be limited by a period other than the duration of these two lives; presumably, the number of years required to pay off the mortgage on the real property, or the year 1960 (see paragraph eleventh, quoted above) whichever occurred later. Accordingly, the court holds that the trust purportedly established by paragraphs seventh through twelfth of the will is void. The gift of one half the residuary estate to House of the Good Samaritan vested at the death of the testator, inasmuch as only its right to take the principal outright was postponed by the conditions attached to the intervening estate. Therefore, one half of the residuary estate is payable to House of the Good Samaritan as provided by paragraph thirteenth of the will, subject to the restrictions relating to the use of the bequest imposed therein.

The other half of the residuary estate testator by paragraph thirteenth bequeathed to William Fox, adding: " * * * in the event of his death before this trust terminates, I direct my executors and trustees to give his share *to the heirs at law and next of kin* of my great Grandson, William Fox, who shall be living at the death of my said great Grandson * * * ". (Emphasis added.) In paragraph ninth, testator refers to the share of the trust for " William Fox *or his heirs.*" (Emphasis added.) Again in paragraph fourteenth, testator refers to his purpose of leaving his estate unencumbered to " William Fox *or his heirs.*" (Emphasis added.) From these expressions it appears that William Fox's share of the residue should pass only to William Fox, or to his distributees living at the termination of the trust, if he should not then be living. The conclusion is inescapable that the interest of William Fox was contingent upon his surviving the termination of the trust and is not now and was not at the death of the testator vested. Under the circumstances the interest of William Fox cannot be accelerated. " The law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course."

(*Bank of New York* v. *Palmer,* 269 App. Div. 229; *Matter of Durand,* 250 N. Y. 45; *Matter of Gallien,* 221 App. Div. 409.) Accordingly, the court holds that the attempted gift of one half of the residue to William Fox must fail. This interest thus passes as intestate property to decedent's sole distributee, Marjorie B. Fox, William Fox's mother.

With respect to the subsidiary construction problems raised, decedent's '' wish '' expressed in paragraph fourteenth that his executors '' give Forty ($40.) Dollars per month'' to Marjorie B. Fox, and after her death to William Fox '' as long as this trust shall last,'' is held to be ineffective. Inasmuch as no valid trust was created, the annuity attempted to be created by paragraph fourteenth must fail. The bequest in paragraph fifteenth of $250 to Katherine Taft is a valid gift payable out of principal in the hands of the successor-executor. The purported bequest to William Fox under paragraph sixth is merely precatory. The discretionary power conferred by paragraph seventeenth upon the trustees to '' advance '' funds to William Fox for certain educational purposes must fall with the trust. Finally, the court holds that the executor has an unlimited power of sale of the real property under the broad provisions of paragraph sixteenth of the will.

Submit decree on notice construing the will accordingly.