ISABEL LOORAM, Respondent, *v.* DOROTHEA LOORAM, Individually and as Trustee, et al., Appellants, and LUCIEN LOORAM et al., Respondents, Impleaded with Others.

(Argued November 20, 1935; decided January 7, 1936.)

*Charles H. Griffiths* and *Pearce H. E. Aul* for appellants. The trust agreement creates three trusts by directing an arithmetical division of the corpus into three shares, and the trustees hold each share as a separate and distinct trust. (*Matter of Horner*, 237 N. Y. 489; *Locke* v. *Farmers Loan & Trust Co.*, 140 N. Y. 135; *Matter of Verplanck*, 91 N. Y. 439; *Wells* v. *Wells*, 88 N. Y. 323; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Savage* v. *Burnham*, 17 N. Y. 561; *Matter of Magnus*, 179 App. Div. 359; *Matter of Dwyer*, 144 Misc. Rep. 590.) None of the three trusts suspends the absolute ownership of personal property for more than two lives in being, and, therefore, the trust agreement complies in every way with section 11 of the Personal Property Law (Cons. Laws, ch. 41). (*Matter of Hitchcock*, 222 N. Y. 57; *Herzog* v. *Title Guaranty & Trust Co.*, 177 N. Y. 86; *Roe* v. *Vingut*, 117 N. Y. 204; *Van*

*Cott* v. *Prentice*, 104 N. Y. 45; *Cheever* v. *Cheever*, 172 App. Div. 353.) The meaning of the trust deed and the intent of the settlor must be ascertained from the instrument itself. (*Central Union Trust Co.* v. *Trimble*, 255 N. Y. 88; *Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298; *Farmers Loan & Trust Co.* v. *Callan*, 246 N. Y. 481; *New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1; *Knowlton* v. *Atkins*, 134 N. Y. 313; *Pendergast* v. *Greenfield*, 127 N. Y. 23; *Boucicault* v. *Leubuscher*, 124 Misc. Rep. 232; *Hubbell* v. *Burnet*, 46 Fed. Rep. [2d] 446; *Stark* v. *United States*, 14 Fed. Rep. [2d] 616; *Springsteen* v. *Samson*, 32 N. Y. 703; *Matter of Milhau*, 151 Misc. Rep. 283; *Prudence Co.* v. *Central Hanover Bank & Trust Co.*, 237 App. Div. 595; *Roe* v. *Vingut*, 117 N. Y. 204; *Equitable Trust Co.* v. *Miller*, 197 App. Div. 391; 233 N. Y. 650; *Cohen* v. *Wacht*, 137 Misc. Rep. 679; 231 App. Div. 801; *Matter of Aucaigne*, 131 Misc. Rep. 723; *Matter of Fenton*, 123 Misc. Rep. 658; 214 App. Div. 754.)

*John J. Cunneen* for William P. Cavanaugh, individually and as executor and trustee, defendant. The various trusts are valid and should be sustained. (*Robinson* v. *Adams*, 81 App. Div. 20; 179 N. Y. 558; *Tobin* v. *Graf*, 39 Misc. Rep. 412; *Garland* v. *Garland*, 35 Misc. Rep. 147; *Williams* v. *Williams*, 8 N. Y. 525; *Matter of Megrue*, 170 App. Div. 653; *Matter of Verplanck*, 91 N. Y. 439; *Everitt* v. *Everitt*, 29 N. Y. 39; *Cheever* v. *Cheever*, 172 App. Div. 353; *Orr* v. *Orr*, 147 App. Div. 753; 212 N. Y. 615; *Pruyn* v. *Sears*, 161 N. Y. Supp. 58; *Matter of Hoffman*, 121 N. Y. Supp. 100; 124 N. Y. Supp. 1089; *Matter of Huchins*, 125 N. Y. Supp. 699; *Purdy* v. *Hayt*, 92 N. Y. 446.)

*John G. Dyer*, as guardian ad litem, and *Emmanuel Lewin* for Samuel S. Thorton, II, an infant, defendant. The deed of trust indicates that the essential elements thereof are legal to effectuate the purpose of the grantor. (*Matter of Gallien*, 247 N. Y. 195; *Matter of Trevor*, 239 N. Y. 6; *Matter of Aucaigne*, 131 Misc. Rep. 723; *Roe* v.

*Vingut*, 117 N. Y. 204; *Kennedy* v. *Hoy*, 105 N. Y. 134; *Matter of Horner*, 237 N. Y. 489; *Matter of Verplanck*, 91 N. Y. 439; *Orr* v. *Orr*, 147 App. Div. 753; *Matter of Hinchman*, 141 App. Div. 95; *Pruyn* v. *Sears*, 96 Misc. Rep. 200; *People* v. *Powers*, 147 N. Y. 104; *Tilden* v. *Green*, 130 N. Y. 29; *Underwood* v. *Curtis*, 127 N. Y. 523; *Hayes* v. *Claysons*, 179 N. Y. Supp. 153; *Burnet* v. *Bookstaver*, 10 Hun, 481; *Matter of Kaplan*, 160 N. Y. Supp. 1034; *Simon* v. *Burgess*, 127 N. Y. Supp. 147.)

*Arthur T. O'Leary* and *Edward W. Rooney* for plaintiff-respondent. With his own as one of the measuring lives, settlor created a single trust that is wholly void. (*Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Beale*, 213 App. Div. 13; *Matter of Horner*, 237 N. Y. 489; *Matter of Grace*, 232 App. Div. 76; 261 N. Y. 502; *Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Hafner* v. *Hafner*, 62 App. Div. 316; 171 N. Y. 633; *Matter of Duffey*, 144 Misc. Rep. 140; 238 App. Div. 863; *Matter of Perelman*, 148 Misc. Rep. 906; *Cohen* v. *Wacht*, 137 Misc. Rep. 679; 231 App. Div. 801; *Matter of Wilcox*, 194 N. Y. 288.) The instrument contains some provisions patently invalid, others, impossible of performance, and fails to dispose of certain remainder interests. (*Matter of Wilcox*, 194 N. Y. 288; *Matter of Horner*, 237 N. Y. 489; *Trunkey* v. *Van Sant*, 176 N. Y. 535; *Prichard* v. *Thompson*, 95 N. Y. 76; *Holmes* v. *Mead*, 52 N. Y. 332.)

*Townsend Morgan*, as guardian ad litem, and *Gregory A. Lee* for Lucien Looram, an infant, respondent. The purported trust is void because it attempts to suspend the power of alienation beyond two lives in being, and, therefore, violates section 11 of the Personal Property Law. (*Matter of Duffey*, 144 Misc. Rep. 140; 238 App. Div. 863; *Central Trust Co.* v. *Egleston*, 185 N. Y. 23; *Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Horner*, 237 N. Y. 489; *Matter of Beale*, 213 App. Div. 13; *Matter of Magnus*, 179 App. Div. 359;

*Bailey* v. *Buffalo L., T. & S. D. Co.*, 213 N. Y. 525; *New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1; *Pendergast* v. *Greenfield*, 127 N. Y. 23; *Matter of Grace*, 232 App. Div. 76; 261 N. Y. 502.)

*C. O. Donahue* and *Lawrence Morris* for Bank of New York and Trust Company, as general guardian of the property of Lucien Looram, an infant, respondent. The purported trust is void because the instruments alleged to have created it are so indefinite as to be meaningless and consequently are unenforceable. (*Dillaye* v. *Greenough*, 45 N. Y. 438; *Gueutal* v. *Gueutal*, 113 App. Div. 310; *New York Life Ins. & Trust Co.* v. *Hoyt*, 161 N. Y. 1; *Pendergast* v. *Greenfield*, 127 N. Y. 23.) Even though the instruments which are supposed to have created the trust be given sufficient meaning to define their terms, they are void because of an attempt to create an illegal suspension. (*Matter of Wilcox*, 194 N. Y. 288; *Matter of Hitchcock*, 222 N. Y. 57; *Waterman* v. *New York Life Ins. & Trust Co.*, 237 N. Y. 293; *Keefe* v. *Keefe*, 230 App. Div. 654; *Williams* v. *Petit*, 138 App. Div. 394; *Kearney* v. *Kearney*, 170 App. Div. 636; *Matter of Hunt*, 207 App. Div. 127; 237 N. Y. 613.)

LOUGHRAN, J. On December 31, 1928, Matthew M. Looram by a written instrument conveyed to himself as trustee personal property described in a schedule thereto annexed. He was then a widower having three children therein named as primary beneficiaries. Thereafter Mr. Looram married the plaintiff who, on his death, brought this action against the respective parties in interest under the trust indenture. Judgment is demanded declaring the instrument void as suspending the absolute ownership of personal property for a longer period than during the continuance and until the termination of two lives in being at its date (Pers. Prop. Law [Cons. Laws, ch. 41], § 11).

The principal defendants moved for dismissal of the complaint as insufficient in law. An order denying the

motion has been affirmed by the Appellate Division. That court allowed this appeal, certifying to us the question whether the pleading states facts sufficient to constitute a cause of action. The answer turns on the effect to be given to some of the provisions of the trust instrument.

Before these are stated, it may be noticed that the action is not one for a construction of the trust that would separate what is valid from what perhaps is not. Plaintiff assails as wholly bad an instrument that makes no mention of her. To sustain that position she must establish that the challenged provisions offend the statute in a contingency so vital to the grantor's purpose that his plan in its entirety is void. This necessary premise plaintiff accepts, and her argument goes as far as the necessities of her case.

The trust provisions to be considered are these:

" The Trustee shall divide the whole of the principal hereafter into three equal shares or parts, one share for my daughter Dorothea Looram, one share for my daughter Alice Looram and one share for my daughter Alvina Looram, and shall dispose of the principal and income of the said shares as follows:

" To pay the income from each share at such time in which sums and in such manner as the Trustee may see fit to my daughter Dorothea Looram, Alice Looram and Alvina Looram, as long as my said daughters shall live and upon the death without leaving lawful issue by birth surviving of any of the said beneficiaries to divide the share held for the one so dying equally between my surviving daughters, in Trust, nevertheless, until the death of my second surviving daughter, or in the event of the death of any of the beneficiaries herein leaving lawful issue surviving their share to be divided between such surviving issue *per stirpes*, in trust, until the death of my second surviving daughter, when this trust shall terminate as to her share and the Trustee will convey, assign, transfer, pay over and deliver absolutely to my surviving

daughter or any surviving issue of my daughters in equal shares *per stirpes*, all securities, cash, real estate and other property then constituting the principal of the trust fund. Upon the death of my surviving daughter without lawful issue being left surviving her or any of my said daughters this trust shall terminate and the principal then remaining in the hands of the Trustee will be paid over absolutely as follows: One half of the principal to my son Lucien Looram, if living; or if dead leaving lawful issue him surviving by birth, his share to his issue *per stirpes*, the remaining half to be divided equally between the New York Foundling Asylum and The Little Sisters of the Poor Home for the Aged or their successors in the event that my son Lucien be dead without lawful issue by birth him surviving, then the whole of said remaining principal to be divided equally between the above named New York Foundling Asylum and The Little Sisters of the Poor Home for the Aged or their successors."

It is not asserted that any term of suspension is invalid if it is limited to continue during the lives of such two of the three designated daughters of the grantor as shall be the first two of them to die. " Such a term cannot last longer than if the instrument had confined it to the life of any particular two of the group, and it may end earlier." (Chaplin on Suspension of the Power of Alienation [3d ed.], § 108.) What is contended is that the dominant purpose of the grantor was the creation of a single trust to subsist at least as long as any of his three named daughters should live.

On the contrary, as we think, the grantor plainly spoke first and predominately of three separate trusts each with a capital of one-third the whole and each limited on the life of one of his daughters *nominatim* for a primary life estate. All that is said against this construction is that the word " trusts " is not found in the writing. That technical suggestion fails to commend itself to us as we follow the several events that were to control the disposition of the fund. For the moment the question

is not validity but intention, " and upon that question even a void provision * * * may be looked to for light." (*Lougheed* v. *Dykeman's Baptist Church*, 129 N. Y. 211, 217.) The " three equal shares or parts " into which the grantor directed division to be made were dealt with by him as such and accordingly exist as shares. (*Matter of Horner*, 237 N. Y. 489.)

It is perhaps enough to say that each of the three separate primary trusts limited on the life of a named daughter of the grantor is valid. The plaintiff is not aided, however, when we take up the directions for later subdivision of the original shares. Each separate primary trust is validly limited on a second life, *i. e.*, the life of the first to die of the other two daughters of the grantor.

Excluding now the possibility of living issue of the deceased life beneficiary of a primary trust, the fund to be held for each of the two secondary life estates is an original one-third set apart for each of the survivors plus one-half of the third theretofore in trust for the daughter of the grantor who first dies. On the death of the daughter second to die there must be distributed the whole of her trust principal then constituted of her original one-third share plus the one-sixth of the original whole that came out of the share of the sister who predeceased her; and at least all but the original principal of the share for the surviving third daughter.

Should issue survive the beneficiary of a primary life estate first to die, a secondary trust is erected for her issue. The capitals of these secondary trusts are respectively the fractional shares of her primary trust established by the number of her surviving issue. Distribution of these secondary trust principals must be made on the death of the second daughter of the grantor to die.

We need not now be concerned with the interests of issue of any daughter of the grantor other than his daughter first to die or with the provisions for repeated deposit of parts of the original whole if the first two to die of the grantor's daughters leave no issue (See *Vander-*

*poel* v. *Loew*, 112 N. Y. 167). Nor need we consider the matter of distribution of the subdivided fractions set up for issue of the daughter first to die should any of such issue die while the second limiting life continues. Nor need we consider the implications of the instrument in the event the daughter last to die leave no issue, but be survived by issue of either of her predeceased sisters. Nor need we consider when the original share of the last survivor must be distributed. The possibilities inherent in these aspects of the instrument cannot save the present pleading of this plaintiff. (See *Matter of Mount*, 185 N. Y. 162.)

There remains the contention that one of the measuring lives was that of the grantor himself. By the trust instrument, " The grantor directs that upon his death the trust herein created shall be continued," and that other named persons then " shall act as the trustees in his place and stead." This was no more than a designation of substitutes for the grantor as trustee. The idea that the life of the grantor was thereby made a limiting life is unsound.

The orders should be reversed and the motion granted, with costs in all courts, and the question certified answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and FINCH, JJ., concur.

Orders reversed, etc.