MOUNT KISCO NATIONAL BANK AND TRUST COMPANY, as Trustee, Plaintiff, *v.* JAMES A. BENEDICT, Defendant.

Supreme Court, Special Term, Westchester County, August 1, 1945.

*Arthur W. Procter* and *Caleb Harding* for defendant.

*McClelland & Croake* for plaintiff.

SNEED, J.   Motion to dismiss second amended complaint for insufficiency.

The action is brought by the trustee to recover from the settlor of an express trust established by a separation agreement moneys alleged to be due under the terms of the trust agreement.

The pleading is attacked upon several grounds. " Upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action ' every intendment and fair inference is in favor of the pleading.' " (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432.)   Defendant contends that the complaint fails to allege that the primary beneficiary of the trust " remains unmarried ".

The agreement provides for quarter annual payments to the wife " so long as she remains unmarried, during her natural

life.'' The complaint alleges that the parties were divorced in Nevada on December 31, 1930; and that the income of the trust has been insufficient to pay in full the required annual payments to the wife through the eight years ending with 1943, and seeks to recover the deficiency. There is no provision in the instrument requiring an annual income in any fixed amount other than the foregoing and the very allegation of the annual deficits necessarily infers that the wife was alive and not remarried during that period.

Defendant contends that the agreement sued upon violates section 51 of the Domestic Relations Law.

The agreement recites that the husband and wife are living separate and apart and that the husband has deposited the listed securities with the trustee to yield the stipulated and guaranteed income for her support '' so long as she remains unmarried, during her natural life ''; and '' upon the death or remarriage of the wife '' makes provision for subsequent handling of the trust estate. The agreement was executed by both husband and wife in Nevada on December 20, 1930, where the judgment of divorce was rendered eleven days later incorporating the agreement and directing the defendant to comply with it.

The decree of the Nevada court, which had jurisdiction of the parties, approving and making the agreement a part thereof, estops defendant from attacking the agreement. (*Hoyt* v. *Hoyt*, 265 App. Div. 223, leave to appeal to Court of Appeals denied, 290 N. Y. 931; *Hess* v. *Hess*, 276 N. Y. 486.)

Defendant's contention that the complaint is defective in that it does not allege an accounting by the plaintiff cannot be sustained. Paragraph 11 of the agreement requires the trustee to account annually '' and at all reasonable times, whenever requested so to do '' to furnish a statement of the condition of the trust.

The third paragraph of the complaint is an allegation that this has been done by the trustee.

Defendant further contends that the instrument violates section 11 of the Personal Property Law and is void. Whether or not the agreement violates the statutory prohibition of suspension of ownership in its provisions relating to estates succeeding the wife's life estate is not now to be determined.

The dominant purpose of the trust provisions was to establish a trust for the wife and the agreement insofar as it sets up that trust is not questioned in this respect. If the provisions for succeeding estates were to be held invalid, that invalidity

would not be vital to this principal purpose. (*Looram* **v.** *Looram*, 269 N. Y. 296.)

It may well be that when the primary life estate terminates both children may be over twenty-five years of age, or, having attained that age, may have died. The validity of the provisions in their favor may well await the situation existing when the wife dies or remarries and the primary estate terminates. (*Matter of Mount*, 185 N. Y. 162.)

The motion is denied. Submit order.