S. Samuel Di Falco, S.
In this proceeding to settle the final account of the administratrix, c. t. aand for the fixation of the attorneys’ fees, petitioner prays for a construction of the will.
Under paragraph Fourth thereof testator devised and bequeathed his residuary estate in trust, directing his trustee to pay one third of the net income each to his widow during her life, and to his two daughters until they reach the age of 21, stating that having given much care and thought during life to real estate investments and revenue from rentals, and believing it for the best interests of the beneficiaries, “I direct my trustees (sic) to hold the property in my trust estate undivided as long as possible.” He then directed the trustee to invest the trust estate and collect income therefrom in accordance with the New York statutes controlling savings banks in this State. He also authorized invasion of principal for proper education, maintenance and support of his wife and two children. After directing that in the event of the death of any beneficiary before termination of the trust, their one third “ shall be added in equal parts to the surviving beneficiaries,” he then provided: “ III. Notwithstanding anything heretofore to the contrary, this trust shall terminate at the time when my *428 daughter, Francia Lee Buppen shall attain the age of 21 years, if she be living, and if she shall die before such time, then this trust shall continue until such date as my younger daughter, Francia Lee Buppen, shall have attained the age of 21 years as though she were living.”
Under paragraph Fifth, upon final termination of the trust, he bequeathed and devised the remainder one third each to his wife and daughters, finally providing 1 ‘ In the event of the death of any of the beneficiaries named hereunder before the termination of the trust, then such share or one-third (%) interest of such beneficiary shall be added in equal parts to the surviving beneficiaries.”
All assets have been reduced to cash except 100 shares of stock, owned by testator at the time of his death, being one half of the outstanding stock of a corporation which owns a long-term ground lease of a hotel. The stock could not be sold for a price that would produce the exceptional income now received from it and which is stated to be essential for the support and maintenance of petitioner and her children.
Two questions of construction are presented: (1) Has the trustee authority under the will to retain the investment aforesaid? (2) Is the residuary trust valid?
The court holds that the language of the will clearly authorizes retention of just such an investment as the stock in question, and that the direction to invest in legáis applies only to the present cash assets of the trust or reinvestment thereof. Testator not only “ directed ” the trustee to hold the trust property undivided as long as possible, but was careful to give his reasons therefor. He was also expressly solicitous for the proper support of his family. The general investment clause follows these particular provisions and relates to the situation existing after property previously legally held has been disposed of and cash realized thereon.
With respect to the residuary trust, the court holds that the testator intended to create a single trust and insofar as he provided that it terminate upon his daughter Francia attaining the age of 21 years, it is valid. Since she is now living the provision for the disposition of the trust fund in the event she dies before reaching 21, is at this time academic. That contingency may never occur and we need not now be concerned with it (Loorcm v. Looram, 269 N. Y. 296; Matter of Mount, 185 N. Y. 162).
The reasonable compensation of the attorneys for the petitioner is fixed and allowed in the amount requested, to cover *429 all services including the present proceeding. Letters of trusteeship will issue to the individual nominated upon his duly qualifying and filing a bond in the sum of $15,000.
Submit decree on notice construing the will and settling the account accordingly.