John J. Dillon, S.
In this executor’s accounting a construction is requested of Article “fifth” of the will, hereinafter quoted, to determine the validity of the trusts created thereby.
“ Fifth : All the rest, residue and remainder of my property, I direct the executor hereinafter named, to divide into three parts as nearly equal as may be, and I give, devise and bequeath said three parts as follows:
“ (a) One of said parts to the County Trust Company of White Plains, New York, in trust nevertheless, for the following uses and purposes: to invest and reinvest the same and to pay the net income therefrom in equal parts to my son Bradford preston millar and to his wife, doris millar, so long as they *940 both shall live, and the entire net income therefrom to the survivor of them, thereafter for life. It is my wish that such income payments may be made in as nearly equal quarter-annual installments as may be practicable and convenient. Upon the death of the survivor, the trustee shall divide and pay over the remaining principal of said trust to the then living issue of my son Bradford and his wife, doris, in such manner and proportion as the survivor may by last will and testament direct, and if the survivor of my said son and his wife fail by Will to so direct, then, to divide and pay over the said principal balance to the said surviving issue, in equal shares. Should the survivor of my son Bradford and his wife, Doris, die without issue surviving, then, I direct that the remaining principal of this trust be equally divided between the trusts herein created for the benefit of my son, Robert visscher millar and his wife, cecelia millar, and for my daughter, KATHERINE LEBARON FLOETIHG.”
The remaining two paragraphs of Article ‘ ‘ fifth ’ ’ of the will have identical provisions whereby testatrix establishes a trust for her son, Bradford Preston Millar and his wife, and a trust for her daughter with cross remainders should the primary beneficiary or the survivor thereof die without issue surviving.
Decedent died on June 5, 1953 leaving a will dated October 21,1952 which was admitted to probate and letters testamentary issued thereupon June 15, 1953. She left surviving two sons and their wives, and a daughter, the beneficiaries of the primary trusts, all of whom have infant children.
The court determines that the primary trusts established for Bradford Preston Millar and Doris Millar, Robert Visscher Millar and Cecelia Millar, and Katherine Lebaron Floeting, are valid. An examination of the trust provisions discloses that a situation could conceivably arise whereby part of the trust may be invalid because of events which may prolong such vesting beyond the permissible period. Whether such a situation will arise due to the deaths of the primary beneficiaries without issue then surviving is at this time academic and problematical.
Although the court may not separate what is valid from that which is not when the challenged provisions offend the statute in a contingency so vital to the purpose of its creator that her plan in its entirety is void (Looram v. Looram, 269 N. Y. 296), the invalid portions of the trust may be excised leaving the valid part unaffected whenever this may be done without violating the testatrix’ primary intention. (Matter of Colegrove, 221 N. Y. 455.)
*941 Accordingly, therefore, the court holds that any question as to the validity of any secondary trust will be reserved for future determination. (Matter of Mount, 185 N. Y. 162; Looram v. Looram, supra.)
Settle decree.