Joseph A. Cox, S.
This is a proceeding for construction of the will. The text which gives rise to the problem is contained in paragraph sixth which here follows:
Sixth: All the rest, residue and remainder of my property and estate, as well real as personal, and wheresoever the same may be situate, which at the time of my death shall belong to me or be subject to my disposal by will, I give, devise and bequeath unto my executors and trustees hereinafter named, in trust, nevertheless, for the uses and purposes and subject to the terms, powers and conditions herein set forth:
The trustees shall hold and administer the trust fund, shall collect and receive the income thereof, and shall pay the net income thereof as follows:
One-third unto my brother, karl Hubert, one-third unto my sister, else hobert, and the remaining one-third unto my sister, lulu casein, until the death of one of them, at which time one-third of the estate so held in trust is to be paid over unto the then surviving of my nephew, richard hobert, and my nieces jaqueline barker and Margaret wilkins, equally share and share alike. The income of the remaining estate so held in trust shall be then paid *152 over equally to each of the survivors of my said brother and sisters, until the death of another of said brother or sisters, at which time one-half of the estate then so held in trust shall be paid over unto the then surviving of my nephew, riohard hobert, and my nieces, jaqueline harker and Margaret wilkins, equally share and share alike. The income of the remaining estate so held in trust shall then be paid over unto the survivor of my said brother or sisters for and during the term of his or her natural life, and upon his or her death, the estate so held in trust then remaining shall be paid over unto the then surviving of my nephew, riohard hobert, and my nieces, jaquelinb harker and Margaret wilkins, equally share and share alike.
Upon the death of any beneficiary, any income then accrued or undistributed shall be held and accounted for and distributed in the same manner as if it had been income accrued and received after such beneficiary’s death.
The petition herein asks that the validity of the quoted text be determined in the light of the Statute against Perpetuities and, if the decedent’s wishes may be effectuated, whether the will commands that the residuary estate be held in solido.
A question of validity arises because the will refers to a single trust fund to be held by the trustees for the lives of three persons. This reference to a single fund may be inappropriate to the obvious purposes of the testatrix but it is not fatal to her plan which was to provide each of the three beneficiaries with the income to be derived from one third of the residuary estate and, upon the death of each beneficiary, to vest one third of the residuary estate in the possession of designated remaindermen. This clear intention, so unambiguously expressed in the will, may be fulfilled by separation of the residuary estate into three distinct trusts, each measured upon the life of its particular income beneficiary. Such construction is given to the will. (Looram v. Looram, 269 N. Y. 296; Vanderpoel v. Loew, 112 N. Y. 167.)
These three trusts may be administered separately or, for facility of investment and administration, may be held in solido in the discretion of the trustees. (Vanderpoel v. Loew, supra, p. 180; Matter of Goldstein, 3 A D 2d 16, 18; Leach v. Godwin, 198 N. Y. 35.)
Submit decree construing the will.