Frahk E. Thomas,
Acting Surrogate. The petitioners, the trustees above named in this proceeding, petitioning for a judicial settlement of the account of said trustees from the time of the accounting of the executors in said estate February 13, 1946 and in connection with said proceeding, one of the parties in interest, Hattie Marguerite Cannon, through her attorneys, Hackett & Thomas, by way of answer requested the court to construe clauses “ Sixteenth ”, “Eighteenth” and “Nineteenth ” under the said last will and testament of Willis Sharpe Kilmer, deceased, alleging that such construction is necessary and proper, particularly in view of the fact that the “ Sixteenth ’ ’ paragraph of said last will and testament did not create a valid trust in favor of the beneficiary therein named for the reason that it suspended the power of alienation and postpones the vesting for more than the two lives in being, and further, that, in order to determine the legatees and distributees of said Willis Sharpe Kilmer, who are entitled to share in a portion of the residuary estate under paragraph 1 ‘ Nineteenth ’ ’ of said will, the intent of the testator as to the time of vesting of the legacies should be construed by the Surrogate in this proceeding.
The petitioners, represented by Hinman, Howard & Kattell, Prescott D. Perkins and John M. Keane, Esqs., of counsel, moved at the hearing on October 10, 1958 to dismiss the answer on *367 the grounds that it is improperly before the court; that the same question was raised on a previous accounting and that it was then determined that the proceeding for the construction of the will was premature and that the proper time to determine would be when the persons ultimately interested could be in court.
Bliss & Bouck, by Honorable F. Walter Bliss of counsel, appearing for parties interested in said proceeding, joins in the request made by Mr. Hackett for a construction of paragraphs “Sixteenth”, “Eighteenth” and “ Nineteenth ” of said last will and testament.
Briefs have been filed by counsel representing the petitioners and the respondent, Hattie Marguerite Cannon, and, also, by Wallace H. Sidney, Esq., attorney for certain respondents and residuary legatees; Leary, Fullerton & Sweeney, attorneys for certain respondents and residuary legatees; J. William Burke, Esq., attorney for certain respondents and residuary legatees, and Bernard H. Chernin, Esq., as special guardian for unknown distributees of Willis Sharpe Kilmer, all of whom opposed the application by way of said answer before mentioned requesting and calling upon the court to construe paragraphs 1 ‘ Sixteenth ’ ‘ ‘ Eighteenth ’ ’ and ‘ ‘ Nineteenth ’ ’ of said last will and testament of Willis Sharpe Kilmer, deceased.
The questions presented in this proceeding and application for construction of paragraphs “ Sixteenth ”, “Eighteenth” and “Nineteenth” of the last will and testament of Willis Sharpe Kilmer arise out of the facts that said will was executed by the said Willis Sharpe Kilmer on October 6, 1934 and was duly probated in the Surrogate’s Court of the County of Broome on the 23rd day of July, 1940, and, at the time of his death, he was survived by his widow, Sarah Jane Emily Wells Kilmer, now Ellison. His will provided in paragraph ‘ ‘ Sixteenth ’ ’ for a trust in favor of his aunt, Allie E. Sharpe, to be held by the trustees during her natural life and the income therefrom to be paid in quarterly installments; that immediately upon her death the trust corpus of $42,000 was to pass into and become a part of the residuary of the estate disposed of in paragraph “ Eighteenth ”. Paragraph “ Eighteenth ” provided for all the rest, residue and remainder of the estate to be held in trust for the benefit of the testator’s wife, Sarah Jane Emily Wells Kilmer, now Ellison, and the net income from said trust fund to be paid during the lifetime of the said Sarah Jane Emily Wells Kilmer, now Ellison, and at her death to any issue her surviving, until such time as the youngest of such issue shall have reached the age of 21 years, at which time there shall be *368 turned over to said issue in equal shares, the said trust fund plus all accumulations of income derived from said trust fund, the children of any deceased issue taking the parent’s share by representation per stirpes and not per capita.
The trust provision for Mrs. AHie E. Sharpe in paragraph “ Sixteenth ” of the will has terminated and the $42,000, as provided in said will, has become part of the residuary trust for the benefit of the testator’s widow, Sarah Jane Emily Wells Kilmer, now Ellison. The said widow, Mrs. Ellison, is approximately 63 years of age and has no issue.
Paragraph “ Nineteenth ” of said last will and testament provided that in case the wife should die leaving no issue her surviving, then in said event, the will directed that the sum of $100,000 out of the residuary estate be paid to her next of kin; that the remainder of said residuary estate be paid as follows: “ Two thirds (%) thereof to my next of kin of the sharps branch of my family, One-third (%) thereof to my next of kin of the kilmer branch of my family. ’ ’
The petitioners on this accounting have not requested the construction of said will. The construction has been asked for by other interested parties, as hereinbefore set forth, by way of filing an answer which is treated as a request to the court for a construction of said will. Section 145 of the Surrogate’s Court Act provides for a proceeding under certain circumstances for the construction of the last will and testament of any decedent. The petitioners in this proceeding have not requested such construction and it is not properly before the court pursuant to said section if it does not affect a debit or credit in the accounting proceeding before the court. The section further provides that any interested party to said proceeding may petition the court for construction of a will, but in such event it is within the discretion of the court as to whether such proceeding will be entertained.
The respondent, Hattie Marguerite Cannon, an interested party in this proceeding, through her attorneys, Hackett & Thomas, by Kay T. Hackett, Esq., of counsel, contends that the trust created by paragraph ‘ ‘ Sixteenth ’ ’ of said last will and testament is invalid and void for the reason that it suspends the power of alienation and postpones the vesting for more than two lives in being, and that, as a result thereof, it does affect a debit or credit in the accounting of this proceeding. Assuming that this contention is true, though the court does not attempt to decide such issue, the law is very clear that the invalidity of remote limitations could not affect the validity of the primary trusts. There can be no question that the trusts *369 established by paragraphs ‘ ‘ Sixteenth ’ ’ and ‘ ‘ Eighteenth ’ ’ are valid and do not violate the law in regard to the suspension of the alienation of property beyond the two lives in being.
It is clear then that if the court is to determine that it should at this time entertain the petition for a construction of the last will and testament, particularly in reference to paragraphs “Sixteenth”, “Eighteenth” and “Nineteenth” of the last will and testament of Willis Sharpe Kilmer, it must come under the discretionary power of the court. Parties interested, through their respective counsel, have urged the court to entertain such construction proceeding, contending that the issue raised at this time is different than was before the court upon the previous accounting and the previous application for a construction of paragraph “ Nineteenth ” of the last will and testament which was not entertained by a decree of this court made on December 5, 1945, and said parties seeking a present construction have also urged that it would be more economical to give it consideration at this time and, also, that it would be of distinct benefit to the remaindermen in determining the time of vesting.
If the court were to entertain the application for construction of said will, it would be necessary to cite all parties in interest, and this, in itself, would serve no great economy in the administration of the estate and, further, a determination of the time of the vesting to the remaindermen, if and when such distribution may be made, would be of doubtful value because the time of distribution may not be for many years.
The law is clear in this State on applications for construction of wills. It has been consistently held that the proceeding should be postponed until the time of distribution unless it is established that the challenged provision offends the statute in a manner so vital to the testator’s purpose that his plan in its entirety is void. Where it is possible to effectuate the wishes of the testator in carrying out the trust provisions which are legal, the court will carry out those expressed intentions. In every instance the court should be sedulous not to defeat the testator’s expressed intention. It is a matter of sound common sense not to cross the bridge until you come to it. The court does not deal with academic and abstract questions as to what may happen. The proper time to entertain the construction proceeding is when the question is clearly before the court as to what has happened so that the court may clearly see in that light what is possible in the way of separating the good from the bad. The determination as to the construction of the will should await the full period fixed in the will for final distribution in order that the persons ultimately interested in *370 the final accounting proceeding may be properly represented and their rights protected. There is no present reason existing for the construction of the will at this time and such adjudication should not now be made. (Matter of Mount, 185 N. Y. 162; Matter of Trevor, 239 N. Y. 6; Looram v. Looram, 269 N. Y. 296.)
It would be futile at this time to endeavor to properly decide in advance every question that might occur at the time of distribution, and said applications for a present construction of said last will and testament will not be entertained.
Submit decree on notice.