In the Matter of the Will of FRANK GORHAM, SR., Deceased. MARGARET G. OLENA, Appellant and Respondent; BERTHA S. GORHAM, Individually and as Executrix of FRANK GORHAM, JR., Deceased, Respondent and Appellant.

Argued June 14, 1940; decided July 24, 1940.

*Samuel D. Cooper* for petitioner, appellant and respondent. Three separate and distinct primary trusts were created by subdivision IV of the third paragraph of the will. (*Matter of Drake*, 153 Misc. Rep. 691; 246 App. Div. 758.) The primary trusts being legal, the secondary trusts, in so far as they do not contravene the statutes against perpetuities, are likewise legal. (*Matter of Drake*, 153 Misc. Rep. 691; 246 App. Div. 758; *Purdy* v. *Hayt*, 92 N. Y. 446; *Matter of Buttner*, 243 N. Y. 1.) Where a part of the will is legal and part is illegal, the court will eliminate that which is illegal when it may be done without violation to the remainder of the will.

(*Matter of Burling*, 148 Misc. Rep. 835; *Purdy* v. *Hayt*, 92 N. Y. 446; *Matter of Drake*, 153 Misc. Rep. 691; 246 App. Div. 758.) The appellant as the sole presumptive owner of the next eventual estate is entitled to the payment of the accumulated income on the valid portions of the trust. (Cons. Laws, ch. 50, § 63; *Matter of Tuck*, 165 Misc. Rep. 359; *Dodge* v. *Pond*, 23 N. Y. 69; *Matter of Kohler*, 96 Misc. Rep. 433; *Matter of Graham*, 145 Misc. Rep. 628.)

*Angeline Bennett* and *William Feinberg* for Bertha S. Gorham, as executrix, respondent and appellant. The validity of a trust must be determined not by actualities since death but by eventualities after death. (*Wilber* v. *Wilber*, 165 N. Y. 451; *Steinway* v. *Steinway*, 163 N. Y. 183; *Haynes* v. *Sherman*, 117 N. Y. 436; *Matter of Silsby*, 229 N. Y. 396; *Matter of Milhau*, 151 Misc. Rep. 283.) The dominant purpose of testator in the erection of a trust structure is inevitably the final factor in the test for validity. (*Central Trust Co.* v. *Egleston*, 185 N. Y. 29; *Whitefield* v. *Crissman*, 123 App. Div. 233; *Matter of Barnes*, 155 Misc. Rep. 320; *Matter of Moore*, 120 Misc. Rep. 825; *Matter of Colegrove*, 221 N. Y. 460; *Colton* v. *Fox*, 67 N. Y. 348; *Matter of Beale*, 213 App. Div. 13; *Matter of Perelman*, 148 Misc. Rep. 906; *Matter of Howells*, 145 Misc. Rep. 557.) The trust structure erected by the testator violates the statutes against perpetuities and is, therefore, void. (*Matter of Horner*, 237 N. Y. 489; *Matter of Perkins*, 245 N. Y. 478; *Matter of Bardol*, 253 App. Div. 500; *Knox* v. *Jones*, 47 N. Y. 389; *Dana* v. *Murray*, 122 N. Y. 604; *Matter of Wilcox*, 194 N. Y. 288; *Benedict* v. *Webb*, 98 N. Y. 460; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Gallien*, 247 N. Y. 195.) The estate of petitioner is not the next eventual estate and, petitioner, therefore, is not entitled to the accumulated income. (*Matter of Nesmith*, 140 N. Y. 609; *Livingston* v. *Tucker*, 107 N. Y. 549; *St. John* v. *Andrews Inst. for Girls*, 191 N. Y. 254; *Vail* v. *Vail*, 4 Paige, 317; *Matter of Shupack*, 158 Misc. Rep. 873; *Manice* v. *Manice*, 43 N. Y. 303; *Matter of Hopner*, 148 Misc. Rep. 748; 242 App. Div. 652.)

SEARS, J. The testator, Frank Gorham, died March 17, 1918. He left three sons surviving him, George Arthur Gorham, Walter Durbrow Gorham and Frank Gorham, Jr. Frank Gorham, Jr., died August 27, 1937, leaving no children. George Arthur Gorham is still living. At the time of the death of the testator, George Arthur Gorham had two children, Frank M. Gorham and the petitioner, Margaret Gorham Olena. Frank M. Gorham died July 9, 1933. Walter Durbrow Gorham is living but has no children.

Margaret Gorham Olena has brought this proceeding, asking for such a determination of her interests in the estate of her grandfather as requires a construction of paragraph third, subdivision IV, of his will.

By the terms of the will testator's wife is given a life estate in the entire residuary estate of the testator. She, however, predeceased the testator, and the provision for her benefit never became effective and may be disregarded. By the first three subdivisions of paragraph third, each of testator's sons is given one-quarter of the residuary estate outright. The fourth subdivision is as follows: " I give, devise and bequeath the other of such parts or fourths, to the executor hereof, in trust nevertheless to divide the same into three equal parts or shares and to set apart and hold during the life of my son George Arthur Gorham, upon a separate trust for the benefit of any child or children there may be of my said son, George Arthur Gorham, surviving his death, one of such equal thirds; to set apart and hold during the life of my son, Walter Durbrow Gorham, upon a separate trust for the benefit of any child or children there may be of my said son, Walter Durbrow Gorham, surviving his death, one of such equal thirds; and to set apart and hold during the life of my son, Frank Gorham, Jr., upon a separate trust for the benefit of any child or children there may be of my said son Frank Gorham Jr. surviving his death, the other of such equal thirds, the part or third (being a twelfth part of my entire estate) so held, in the event of any one or more of said sons not leaving children

surviving him, to be forthwith added to and become proportionately a part of the share or shares, as the case may be, held in trust for the children of the other sons, the said executor and trustee to have full power, upon the request of any one of my said sons, to advance to said son so much of the part so held for his child or children, as such parent may deem fit and proper, and necessary to resort to, in or toward their education.''

Three separate trusts, as distinguished from a single trust, are created by the quoted language. (*Looram* v. *Looram*, 269 N. Y. 296.) As, in the case of each of these separate trusts, only the children of a son who survive their father are entitled to receive the principal, there is a suspension of the absolute power of alienation in the case of each trust for one life only so far as the provision relates to this primary disposition. It is only when the cross-remainders are considered that a suspension of the absolute power of alienation beyond the permissible period occurs. (Pers. Prop. Law [Cons. Laws, ch. 41], § 11; Real Prop. Law [Cons. Laws, ch. 50], § 42.) In this regard the will requires the trust principal in each of the three trusts, if the son of the testator dies childless, to become a part of the corpus of the other trusts or trust. The absolute power of alienation of all of the principal of each of the three trusts may thus under varying conditions be suspended for three lives. Invalidity results as to the provision for cross-remainders. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Bardol*, 278 N. Y. 543, affg. 253 App. Div. 498.)

The primary intention of the testator was that the children of each son surviving their father should receive the principal of one of the three trusts. The cross-remainders were subordinate to this thought. In somewhat similar cases the good has been separated from the bad and effect given to the good. This is to be done here, and only the cross-remainders held invalid. (*Looram* v. *Looram, supra; Matter of Colegrove, supra; Matter of Bardol, supra*.)

No provision is made for the payment of the income of these trusts during the life of the son on which the future

estates are limited. In the case of the trust for the children of George Arthur Gorham, the income has been payable to his living children as presumptively entitled to the next eventual estate by reason of a valid limitation of an expectant estate. (Pers. Prop. Law, § 11; Real Prop. Law, § 63.) This right to income and the right to participate in the distribution of the principal of the trust for the benefit of the children of George Arthur Gorham, if the petitioner outlives her father, are the only interests which the petitioner has under her grandfather's will. There has been a complete intestacy as to the trust for the benefit of the children of the deceased son Frank Gorham, Jr., and, unless and until a child of Walter Durbrow Gorham is born, there is an intestacy as to the income from the trust created for the benefit of his children, and as to the principal there will be an intestacy unless a child is born and survives his father.

For these reasons the order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.