In the Matter of the Estate of DAVID C. McCOMBS, Deceased. HENRY G. McCOMBS and RUTH BARKENBUSH, Appellants; CLARA A. CUDDEBACK and PHEBE C. McCOMBS, Respondents.

Second Department, March 10, 1941.

*Stephen W. Zeh,* for the appellants.

*Charles Van I. Cuddeback,* for the respondents.

HAGARTY, J. This appeal involves the construction of the will of David C. McCombs, who died on January 17, 1931, leaving him surviving the respondents, Phebe C. McCombs, his widow, Clara A. Cuddeback, a daughter of a predeceased daughter, and Harry H. McCombs, his son. Another son, Wilton D. McCombs, predeceased him leaving no issue. Harry H. McCombs died without issue on February 20, 1940, leaving a will, under which the appellants, Henry G. McCombs and Ruth Barkenbush, are beneficiaries of his estate.

By the second paragraph of the will the testator devised to his wife, Phebe C. McCombs, a life estate as to all of his real property. The succeeding or third paragraph then provides that " At the death of my said wife, I give and devise my said real estate as follows," and vests specific parcels in Wilton D. McCombs and Harry H. McCombs, respectively, and the homestead in them, " share and share alike." The sixth paragraph bequeaths all of the personalty theretofore undisposed of in trust, with income thereof to the widow, for whose maintenance and support the corpus may be invaded. The eighth paragraph devises the residuary, both real and personal, to Wilton D. McCombs and

Harry H. McCombs, " share and share alike." The ninth paragraph reads as follows:

" *Ninth.* Should either of my said sons die before my said wife, leaving no issue him surviving, then and in that case I give, devise and bequeath said deceased son's share in my property hereby devised or bequeathed to the survivor."

In this proceeding to construe these provisions, instituted by petition of the executor and trustee of the will of Harry H. McCombs, deceased, in which the appellants were joined as parties, the learned surrogate, by the order we are reviewing, determined that, as to the remainders over created by the second, third, sixth, eighth and ninth paragraphs, David C. McCombs died intestate. This determination was made in accordance with the opinion of the surrogate to the effect that the remainders to Harry H. McCombs were contingent and were defeated when he predeceased his mother and left no issue.

We are of opinion that the determination is erroneous. The second and third paragraphs of the will may be read as one in giving to the widow a life estate in all the real property and in giving to the two sons vested remainders in specific parcels, constituting, apparently, all of such real property. Standing alone, the third paragraph vests these remainders in the two sons absolutely and unconditionally. The fact that, after creating the life estate in the widow, the testator provided that " at the death of my said wife, I give and devise my said real estate as follows " means only that possession and enjoyment were postponed until such time, but not that vesting itself was so postponed. Similar language has been consistently so construed. (*Van Axte* v. *Fisher*, 117 N. Y. 401; *Matter of Seaman*, 147 id. 69; *Connelly* v. *O'Brien*, 166 id. 406; *Corse* v. *Chapman*, 153 id. 466; *Fulton Trust Co.* v. *Phillips*, 218 id. 573.)

The effect of the ninth paragraph is not to convert these vested remainders into contingent remainders, but to render them subject to divestment as to one son in the event that he failed to survive the other during the lifetime of their mother, leaving no issue. At the same time it served to give to each son an alternate vested remainder in such of the specific realty as to which the other was the primary remainderman, subject to divestment in the event that such other son survived their mother or the alternate remainderman during the lifetime of their mother, or died leaving issue.

The survivorship relates to survivorship of the sons during the lifetime of their mother. There is no language to the effect that even this surviving son must survive his mother in order to take. The original vested interests cannot be cut down or con-

verted into contingencies in the absence of an express provision to that effect. (*Post* v. *Moore*, 181 N. Y. 15.)

The situation is the same with respect to the personalty and any realty other than the parcels specifically devised. When the eighth paragraph is read in conjunction with the sixth paragraph, it becomes clear that the testator intended the remainder of the personalty to pass in accordance with the provisions of the eighth paragraph. The phrase " at the death of my said wife," as contained therein, refers not to the time of vesting, but to the time of possession and enjoyment, as in the case of the realty. The eighth paragraph, in turn, is controlled by the provision of the ninth paragraph in so far as survivorship is concerned, and in consequence, Harry H. McCombs became vested with the entire remainder of the personalty and the remainder of the realty not specifically devised, if any, subject to the life estate created in the second paragraph.

The decree should be modified in accordance with this opinion, and, as so modified affirmed, with one bill of costs to the appellants and one bill of costs to the respondents, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly.

LAZANSKY, P. J., JOHNSTON and TAYLOR, JJ., concur; ADEL, J., dissents and votes to affirm the decree without modification.

Decree of the Surrogate's Court, Orange County, modified in accordance with opinion by HAGARTY, J., and, as so modified, affirmed, with one bill of costs to appellants and one bill of costs to respondents, payable out of the estate, and the matter remitted to the Surrogate's Court for the entry of a decree accordingly.