In the Matter of the Will of ALICE D. S. HALSEY, Deceased.

ALLEN J. FRICK, as Executor of ELEANOR H. FRICK, Deceased, Appellant; THOMAS E. SHIPLEY et al., as Trustees under the Will of ALICE D. S. HALSEY, Deceased, et al., Respondents.

Argued May 20, 1941; decided July 29, 1941.

*Joseph F. Murray* and *Charles H. Scott* for appellant. The trust is invalid. (*Matter of Durand,* 250 N. Y. 45; *Matter of Wilcox,* 194 N. Y. 288; *Matter of Tamargo,* 220 N. Y. 225; *Wadsworth* v. *Murray,* 161 N. Y. 274.) The validity or invalidity of a trust must be determined as of the date of death of the testatrix and cannot be affected

by the happening of subsequent events. (*Bishop* v. *Bishop*, 257 N. Y. 40; *Knox* v. *Jones*, 47 N. Y. 389; *Matter of Wilcox*, 194 N. Y. 288; *Matter of Green*, 146 Misc. Rep. 530; 239 App. Div. 820; 263 N. Y. 575; *Matter of Roe*, 281 N. Y. 541.) The will clearly creates a suspension for three lives. After the primary life estate of the husband, the trust for the two daughters is invalid in its entirety. (*Knox* v. *Jones*, 47 N. Y. 389; *Matter of Perkins*, 245 N. Y. 478; *Matter of Silsby*, 229 N. Y. 396; *Matter of Hitchcock*, 222 N. Y. 57.) The trust attempted for the two daughters is not separable and must fall in its entirety after the primary life estate of the husband. (*Knox* v. *Jones*, 47 N. Y. 389; *Matter of Beale*, 213 App. Div. 13; *Leach* v. *Godwin*, 198 N. Y. 35; *Matter of Magnus*, 179 App. Div. 359.)

*Francis J. Sypher* for respondents. The will created separate secondary trusts for the daughters. (*Vanderpoel* v. *Loew*, 112 N. Y. 167; *Matter of Horner*, 237 N. Y. 489; *Matter of Colgrove*, 221 N. Y. 455; *Matter of McGeehan*, 200 App. Div. 739; 237 N. Y. 575; *Greene* v. *Fitzgerald*, 178 App. Div. 941; 223 N. Y. 718; *Matter of Horner*, 237 N. Y. 489; *Matter of Trevor*, 239 N. Y. 6; *Matter of Drury*, 249 N. Y. 154; *Matter of Buttner*, 243 N. Y. 1.) As the valid alternative provided by the will eventuated, the testamentary disposition must be held valid without regard to any possible invalid alternative. (*Matter of Schliemann*, 259 N. Y. 497; *Matter of Winburn*, 265 N. Y. 366; *Fowler* v. *Depau*, 26 Barb. 224; *Church* v. *Wilson*, 152 App. Div. 844; 209 N. Y. 553; *Matter of Chambers*, 167 Misc. Rep. 843; 169 Misc. Rep. 124; *Schettler* v. *Smith*, 41 N. Y. 328; *Matter of Mount*, 107 App. Div. 1; 185 N. Y. 162; *Matter of Johnson*, 233 App. Div. 587; *Kiah* v. *Grenier*, 56 N. Y. 220; *Tiers* v. *Tiers*, 98 N. Y. 568; *Matter of Trevor*, 239 N. Y. 6.)

DESMOND, J. We have here to consider the meaning and validity of the third paragraph of the will of Alice D. S. Halsey.

Testatrix died on July 7, 1931, predeceasing her husband and two daughters. The third paragraph of her will first

devises all the residue of her estate to her husband, in trust to collect the income for his own use during his life, and with power to invade the principal to the extent of $500 a year if his needs so require. Upon the death of the husband, testatrix's will directs the substitution of named persons as trustees of the residuary estate. The third paragraph of the will then continues as follows:

" I direct my said substituted trustees to collect the income from my said residuary estate, and after deducting all legal expenses to pay one-half of said income to my daughter, Eleanor, for life and the other half of my said income to my daughter, Eliza, for life.

" On the death of either of my daughters, if my daughter so dying should leave issue, then I direct that the principal from which my daughter so dying received the income, shall, be forthwith transferred to the issue of said daughter *per stirpes*, but in the event of my daughter who may first depart this life, leaving no issue, then I direct that all the income derived from said Trust Estate shall be paid to my surviving daughter.

" On the death of my surviving daughter, then I direct my Trustees to convey all cash, securities and assets forming the principal of the Trust in their hands, to the issue of my surviving daughter *per stirpes*.

" In the event, however, of my surviving daughter leaving no issue, then the principal of said Trust is to be conveyed to the issue of my daughter who may first have departed this life.

" In the event, however, of neither of my daughters leaving issue, then and in that event upon the death of both of my daughters, I direct my Trustees or their successors to convey all cash and securities forming the principal of this Trust that may be in their hands, to my three nephews, Thomas E. Shipley, James E. Shipley and Walter Penn Shipley, Jr. in equal shares. * * * "

Testatrix's daughter Eliza predeceased the husband and left no issue surviving. The daughter Eleanor survived the husband, but died while this proceeding was pending, leaving

no issue. The executor of her estate is the appellant. Respondents are the persons named in the will as remaindermen in the event of both the daughters dying without issue surviving, and the substituted trustees.

The Surrogate construed the above-quoted clauses of the will as a disposition in the alternative, as if they read: " that if both daughters or their issue should survive the husband, each branch should benefit from one-half of the principal, but if one only should survive, the other having predeceased the husband without issue, then such survivor should enjoy the whole." The Surrogate held that while the first of these alternative contingencies was potentially partially invalid, that is, the cross-limitation upon the death of either daughter without issue after the husband's death, the second contingency, however, was valid, and, the second contingency having occurred, the trust should be continued for the life of the surviving daughter, Eleanor. The Appellate Division affirmed, with one justice dissenting. Neither court considered the validity of the provision for the disposition of the remainder in the event of both daughters dying without issue.

The difficulty with the determinations made below is that the will itself does not mention the possibility of either daughter predeceasing the husband and contains no alternative provision for such an event. All the provisions in the will are based on the assumption that both the daughters will survive the husband and constitute an attempt at least to make a complete disposition in that eventuality.

The will does not expressly provide that upon the death of the husband the trust shall be divided into separate shares, but a direction to do so will be implied from the direction to divide the income between the daughters, and from the direction that on the death of a daughter leaving issue, the principal from which that daughter *received* income shall be paid to her issue. (*Matter of Colegrove*, 221 N. Y. 455; *Matter of Horner*, 237 N. Y. 489.) The will thus provides a trust for the life of the husband and a trust for each daughter of one-half of the principal remaining upon the husband's

death. The disposition to be made upon the death of each daughter is dependent upon whether she is survived by issue. Since the share to be held in trust for each daughter may vest at the end of her life if she leaves issue surviving, the trust for each daughter may be sustained during her life, irrespective of the validity of the disposition in the event that she should die not survived by issue. (*Schettler* v. *Smith*, 41 N. Y. 328.) The validity of the disposition to be made in the event of a daughter dying leaving no issue will be hereinafter considered.

It is to be noted that the will contains no provision for the issue of a daughter who shall predecease the husband of testatrix. Only the principal from which a daughter *received* the income shall be transferred to her issue. Had testatrix contemplated the death of one of her daughters before the death of her husband, the will would undoubtedly have contained words to the effect that the principal from which the daughter *would have received* the income should be transferred to the daughter's issue. The gift, in the event of the daughter first dying leaving no issue, of all the income to the surviving daughter, when read in its context, is likewise based on the assumption that both daughters will survive the husband of testatrix and constitutes a cross-limitation. The courts below have so construed it. Respondents would have us take the language of this gift from its context and ascribe to it an opposite meaning: that is, the expression of an alternative that if one of the daughters should predecease the husband leaving no issue surviving, the trust for the husband for his life should be continued for the benefit of the surviving daughter during her life. This we cannot do. The will must be read as a whole, and such a reading compels the conclusion that testatrix simply did not anticipate the death of either of her daughters before the death of her husband. Further, an expression of an intent to create a cross-limitation cannot be twisted into an expression of an intent to create an alternative based upon the supposition that no cross-limitation will be necessary. To make the will conform to the

fact it would be necessary to add a paragraph to the effect that if one of the daughters should predecease the husband leaving no issue, the original trust should be continued for the benefit of the surviving daughter during her life.

The limitation to the surviving daughter in the event that the daughter first dying leaves no issue is invalid, as that half of the residuary estate would be held in trust for more than two lives. If the daughter first dying should leave no issue, the principal held in trust for her benefit could not vest until the death of the surviving sister, thus the cross-limitation contemplates the holding of such share in trust for the life of the husband and for the lives of both daughters. Moreover, the invalid limitation may not be excised and the remainder accelerated, first, because the remaindermen of such share cannot be determined until the death of both daughters, and, second, because the gift of such share to the remaindermen is in all events invalid. The share of the residue to be held in trust for each daughter cannot vest, if either leaves no issue surviving, until the death of the survivor of them, a contingency which must endure longer than two lives in being and which is, therefore, invalid. (*Schermerhorn* v. *Cotting*, 131 N. Y. 48; *Matter of Friend*, 283 N. Y. 200.)

It follows that the share of the residue to be held in trust for the life of testatrix's daughter Eliza became intestate property upon the death of testatrix's husband, and that since the testatrix's daughter Eleanor died, without leaving issue surviving, during the course of this proceeding, the share held in trust for her life also became, upon her death, intestate property.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court with directions to proceed in accordance with this opinion, with costs in all courts to each party filing a separate brief payable out of the estate.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS and CONWAY, JJ., concur; RIPPEY, J., dissents.

Ordered accordingly.