In the Matter of the Application of CARYL E. COHEN, Appellant, against HAROLD FIELDS et al., Constituting the Board of Examiners of the Board of Education of the City of New York, Respondents.— In a proceeding under article 78 of the Civil Practice Act, order denying appellant's application to direct the board of examiners of the board of education of the City of New York to certify that he had passed an examination for a license as first assistant in social studies, and dismissing his petition on the merits, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ.

In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY, as Cotrustee under the Will of THOMAS J. RONAN, Deceased. MARY J. RONAN, as Cotrustee, et al., Appellants; CITY BANK FARMERS TRUST COMPANY et al., Respondents.— Decree of the Surrogate's Court, Kings County, construing a will, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. The vested remainder interest of the deceased was not converted into a contingent remainder by reason of the second sentence in the fourth paragraph of the will providing, as to a child who predeceases the life tenant, that his issue shall take his share. (*Matter of Montgomery*, 258 App. Div. 64, affd. 282 N. Y. 713; *Matter of McCombs*, 261 App. Div. 449, affd. 287 N. Y. 557.) Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [See *post* p. 1016.]

In the Matter of FRED TATE, Petitioner, against JOHN M. BECKMANN, as Commissioner of Police of the County of Nassau, Respondent.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Police of the County of Nassau dismissing petitioner, a patrolman of the Police Department of Nassau County, after a hearing upon charges. Determination dismissing petitioner annulled on the law and the facts, with $50 costs and disbursements, and the respondent ordered to reinstate petitioner to his position as a member of the Police Department of the County of Nassau. There was no proof adduced upon the hearing of the facts necessary to be proved to authorize the determination that petitioner had violated either rule 69E, or rule 154 of the Rules and Regulations of the Police Department, with which violations he was charged. The burden was upon the officials making the charges to prove such facts, not upon the petitioner to disprove them. (*People ex rel. Gilson* v. *Gibbons*, 231 N. Y. 171, 177; *Matter of Weber* v. *Town of Cheektowaga*, 284 N. Y. 377, 380; *Matter of Miller* v. *Kling*, 291 N. Y. 65, 69.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.