## In the Matter of the Construction of the Will of CHARLES A. BURR, Deceased.

Surrogate's Court, Chenango County, June 21, 1948.

*Minnie L. Seeley* for Vernon G. Burr and another, petitioners.

*Renfroe Jackson,* special guardian for infants.

BARNES, S. Charles A. Burr left a will, giving the life use of his property to his widow. The widow is now deceased, and the construction of the provisions affecting this property, after the widow's life use, is now before the court. It is conceded by all that the will violates the Statute of Perpetuities. The remaining question is the disposition of the principal of the trust in this particular case.

It would seem the general rule that where the persons who take the remainder after the void life interests have been eliminated, are fixed and definite persons who can be determined without waiting the outcome of the void life estates, then the

remainder will be accelerated and the legatees of the remainder interest will take immediately (*Kalish* v. *Kalish,* 166 N. Y. 368). But the law does not accelerate remainders except in favor of the same persons who would take them if the intermediate estate, expunged as illegal, had been allowed to run its course (*Matter of Durand,* 250 N. Y. 45; *Matter of Halsey,* 286 N. Y. 154).

By the provisions of the decedent's will, he left his estate, after the intervention of the void life estates, " to my grandchildren, George W. Burr, Donald H. Burr, Henry W. Burr, and Barbara A. Burr, or to the survivor or survivors of them, to be divided between them equally, share and share alike." Similar provisions have received a large amount of judicial study and the general rules are that ordinarily a requirement of survivorship of a remainderman imposed by the testator, refers to the death of the testator and not to the death of the life tenant. There is no language in this will which requires a departure from that rule (*Matter of Montgomery,* 258 App. Div. 64, affd. 282 N. Y. 713; *Matter of Northrip,* 258 App. Div. 71; *Matter of McCombs,* 261 App. Div. 449). Applying these tests, it becomes evident that the remainder vested in the four grandchildren upon the death of the testator; and, therefore, the same persons took at the time of the death of the testator, who would have taken, if the intermediate estates had been allowed to run. Therefore, the remainder is accelerated by expunging the illegal life uses and the principal of the trust should be distributed to the four grandchildren at this time. The share of the grandchild, who is since deceased, will be paid to the representative of his estate upon appointment.

Submit decree accordingly.