In the Matter of the Construction of the Will of CHARLES C. TOUSLEY, SR., Deceased.

Surrogate's Court, Jefferson County, April 8, 1954.

*A. Raymond Cornwall* for Nellie H. Tousley, petitioner.

*Allan G. Patch,* special guardian.

*Henry H. Willmott,* special guardian.

SCHWERZMANN, S. This is a construction proceeding in which the petitioner challenges (a) the validity of the residuary trust created in article IV of the testator's will (Personal Property Law, § 11; Real Property Law, § 42) and (b) the validity of certain powers to divert or accumulate income given to the trustee in article V thereof.

By article IV, a primary trust of the residue is created for the benefit of testator's wife, the petitioner herein, until her death or remarriage. Secondary trusts for living children of the testator and the issue of deceased children are then established in this language:

"(b) From and upon the death of my said wife, or her re-marriage, if she shall me survive, or, if she shall predecease me then from and upon my death, I direct said trustee to divide all the trust property and estate into as many equal shares as there shall be living child or children born of our union, and lawful issue of any child deceased, per stirpes and not per capita, whether such child or children be now living or born to us after

the date of this will, (whereof our son, CHARLES C. TOUSLEY, JR., and our daughter SUZANNE TOUSLEY are now at the date hereof living,) and thereof to stand seized henceforth in separate trust to the use of each of whom a share is so set apart, and all the net amount of income therefrom as hereinbefore defined, at the times and in manner aforesaid to pay and apply unto the one so thereby beneficially entitled to said use, until the trust term thereof shall perforce of express limitation cease and determine, which is to say more specifically:

" (c) Unto each said child living at the time aforesaid, whether born before or after the date of this will, until he or she attains or shall have attained the age of twenty-five (25) years or shall die under that age; and

" (d) Unto such lawful issue living of any child deceased at the time aforesaid, share and share alike, in severalty, if more than one such issue, until each one of said issue respectively attains or shall have attained the age of twenty-one (21) years or shall die under that age.

" (e) When any such child or issue, a beneficiary hereunder, shall attain to or shall die under the age respectively specified therefor, the separate or separable trust for him or her and the term thereof shall cease and determine; whereupon I direct said trustee forthwith to pay, assign, convey and set over the capital of the share of the trust estate unto the beneficiary for whom the same shall have been so set apart, or the lawful issue living of him or her if deceased, by representation; or in default of said issue unto all the child or children living born to me and my said wife, and lawful issue living of any of them deceased, in equal shares per stirpes and not per capita; unto whom in the order, manner and form aforesaid, I give, devise and bequeath the same."

Under article VII of the will, there is a further contingent remainder over to others of any " trust " which " shall fail for want of any of the specified beneficiaries to take thereunder."

The petitioner, in contending that the disposition in article IV permits an unlawful suspension of absolute ownership longer than the prescribed period of two lives, fails to recognize a distinction which has often been drawn by the courts. This testamentary plan does not contemplate that the entire corpus shall be limited in solido upon the successive lives of testator's wife, children, and issue. It is, rather, one in which a primary trust of the entire corpus is limited upon the life or earlier remarriage of the wife, and then separate secondary trusts of shares and

sub-shares of the corpus are created, in which each share and sub-share is separately and individually limited upon the attained age of the child or the minority of the issue entitled thereto. This seems self-evident from the language which has been used. In paragraph (b) the testator directs the trustee to " divide " the principal remaining at the death of the survivor of himself or his wife into " as many equal shares as there shall be living child or children born of our union, and lawful issue of any child deceased, per stirpes and not per capita ". Then follows the provision that as to such equal shares the trustees shall " stand seized henceforth in *separate trust* to the use of each of whom a share is set apart ". (Emphasis supplied.) And in paragraph (e) appears a reference to the termination of each " separate or separable trust " and the payment of each " share * * * set apart ". There is equally convincing evidence that the testator desired this characteristic of separability to attach to the sub-shares for each issue. He directs that the issue shall take " per stirpes and not per capita," thus mandating the subdivision of a share. The continued separability of sub-shares is further indicated by the instructions to the trustee in paragraph (d) to pay the income to the issue " in severalty, if more than one such issue ", until the issue " respectively " attains majority or dies. And again in paragraph (e) in referring to the attainment of majority or death of " any issue," the testator speaks of the " separate or separable trusts for him or her ". Phraseology of this kind has often been held indicative of an intent to create separate trusts (*Matter of Gorham,* 283 N. Y. 399; *Looram* v. *Looram,* 269 N. Y. 296, 489).

The validity of each trust for a separate share or sub-share is dependent solely upon its terms, not on the fate or validity of the others (*Matters of Mount,* 185 N. Y. 162). To render each trust valid, it must be so limited that in every possible contingency there will be an absolute termination thereof within the period prescribed by statute (*Matter of Hitchcock,* 222 N. Y. 57). The prescribed period during which absolute ownership may be suspended is not limited to two lives in being at the death of the testator, but may include in addition thereto the minority of a remainderman (Personal Property Law, § 11; Real Property Law, § 42). All separate trusts here are validly limited within the prescribed period. Each trust for a child must terminate within the lifetimes of the testator's wife and of that child. Each trust for issue must terminate within the lifetime of the wife and the minority of the respective issue. This limitation upon the

minority of issue after death of the wife is tantamount to a primary remainder to issue upon which a contingent remainder has been limited over in the event the primary remainderman dies during minority, and as such, is a permissible disposition irrespective of whether the primary remainderman is in existence at the creation of the estate (*Manice* v. *Manice,* 43 N. Y. 303). In view of petitioner's objections to remainders being limited upon the minority of issue not in being at testator's death, it might be well to point out once again that the express statutory requirement as to lives in being at the death of the testator pertains only to the two measuring lives or any part thereof. The requirement does not apply to any ultimate remainderman nor to any primary remainderman upon whose death during minority a secondary or contingent remainder has been limited (*Manice* v. *Manice, supra*). It suffices if a remainderman is in existence at the termination of all validly limited precedent estates (*Purdy* v. *Hayt,* 92 N. Y. 446; *Gilman* v. *Reddington,* 24 N. Y. 9). In this instance, the measuring minority is not deemed to be any part of a measuring life *precedent* to a remainder but rather the one measuring term *following* a remainder expressly excepted and permitted by statute.

*Matter of Wilcox* (194 N. Y. 288), upon which the petitioner heavily relies, is not only distinguishable from the present case, but by dictum supports the decision here reached. The secondary trusts for issue concerned in that case were not considered separate and several. The opinion of CULLEN, Ch. J., expressly acknowledges this distinction (p. 293) in concluding that '' if it could be assumed that the trust was several as to the share of each issue '' then the secondary trust for issue would have been valid as to real property. The conclusion was limited to real property because that decision antedated section 11 of the Personal Property Law in its present form; but as that section pertaining to personalty now conforms with the corresponding provision pertaining to realty (Real Property Law, § 42) under which *Matter of Wilcox (supra)* was decided, the dictum today is applicable alike to trusts of personalty and realty.

A final criticism is directed at article VI of the will which provides in part that, in the event the beneficiary of any trust alienates or encumbers income, or is otherwise deprived of the use thereof, the trustee in its discretion is authorized to divert income to others or to accumulate it. There can be no objection to vesting a trustee with the discretionary authority to divert income wholly or in part to others than the one upon whose life

the estate is limited. (*Matter of Sand* v. *Beach,* 270 N. Y. 281; *Hamilton* v. *Drogo,* 241 N. Y. 401.) While the discretion to accumulate income other than for minors, if exercised, would be objectionable (Personal Property Law, § 16; Real Property Law, § 61), this need not affect the validity of the various trusts. Where the intent of the testator will not be defeated, excision of the invalid is preferred to invalidating the whole (*Matter of Gorham,* 283 N. Y. 399, *supra*; *Matter of Hitchcock,* 222 N. Y. 57, *supra*), and a provision for unlawful accumulation will preferably be excised (*Hascall* v. *King,* 162 N. Y. 134; *Cochrane* v. *Schell,* 140 N. Y. 516).

As Charles C. Tousley, Jr., one of the children of testator predeceased the testator's wife, the question has arisen as to whether or not any interest in the remainder vested indefeasibly in him at the testator's death. I think not. The nomenclature of the vesting here concerned is secondary. The distinction is rather between estates which are absolute and those subject to conditions of survivorship. The intent of the testator that survivorship until the time of division and distribution should be a condition precedent to final enjoyment seems evidenced by the comprehensive provisions for the substitution of remaindermen (*Salter* v. *Drowne,* 205 N. Y. 204), by the direction to the trustee to " divide " at the wife's death (*Matter of Crane,* 164 N. Y. 71), and to " convey, assign, and set over " remainders at the termination of the secondary trusts (*Matter of Bostwick,* 236 N. Y. 242; *Matter of Baer,* 147 N. Y. 348). To my mind, the testator did not contemplate that any designated beneficiary, whether of a secondary use, a primary remainder, or a contingent remainder, must be in existence at testator's death, but he did intend that each should survive the termination of the respective precedent estate or estates in order to take.

The trust interests here concerned are in all respects valid and effectual, the discretionary provision for the accumulation of income may be excised except insofar as it pertains to a minority, and as Charles C. Tousley, Jr., predeceased his mother, his estate has no remainder interest under the residuary trust. The circumstances under which, or to whom, remainders will pass under article VII may be better left for decision until the various contingencies are resolved (*Matter of Mount,* 185 N. Y. 162, *supra*).

Submit decree.