revised decision
Maximilian Moss, S.
As an incident to its intermediate accounting proceeding the trustee requests a construction of certain provisions of the will for the purpose of determining whether the principal of trust funds created under subdivisions b and c of the fourth paragraph of the will have become distributable, the person or persons entitled thereto and the disposition made by the will of the income of said funds subsequent to February 14, 1955.
The plan of the will is relatively simple. After the revocation of prior wills and the direction for the payment of debts and funeral expenses, the residue is directed to be held in trust for the benefit of testator’s wife for her life. In the event she should not survive him or upon her death certain money legacies are given by subdivision a of paragraph fourth. By subdivision b of the said paragraph — a provision under consideration — a trust is created with income payable to Dell Algood for life. Upon her death the fund is to be paid into and become part of the residuary estate. The next subdivision, c, — also under consideration — is the final dispositive provision of the will. Insofar as pertinent it reads as follows: “ All the rest, residue and remainder of my estate * * * I give, devise and bequeath unto my Executors and Trustees * * * in trust nevertheless, for the following uses and purposes: To hold and invest the same and to collect and receive the income * * * and to pay the net income * * * to Howard e. st. john, jr., and laura jane st. john * * * in equal shares, or to the survivor of them until each attains the age of twenty-five years, and as each reaches the age of twenty-five years, I give, devise and bequeath said rest, residue and remainder of my estate herein mentioned unto the said, Howard e. st. john, jr., and laura jane st. john, or to the survivor of them.”
Testator’s wife predeceased him. Dell Algood, hereinafter referred to for convenience as Dell, survived testator and died in 1953. Howard E. St. John, Jr., hereinafter referred to as Howard, attained the age of 25 years on February 14, 1955 and died on March 9, 1955. Laura Jane St. John, now Laura Jane Frame, hereinafter referred to as Laura, is under the age of 25 years.
*320 The trust for the benefit of Dell fell into and became part of the residuary trust for the benefit of Howard and Laura on Dell’s death. Her life was the first measuring life. Did testator intend that such fund was to continue in trust for two further lives ? Did he intend that, in the event that either Howard or Laura should die before reaching the age of 25, the entire fund Avas to be held in trust until the survivor reached that age, thereby suspending the power of alienation for three lives? Or did testator intend to create separate trusts for the benefit of each of them to be administered in solido? If testator’s dominant purpose was the creation of a single trust subsisting during the lives of Howard and Laura absolute ownership is illegally suspended and the trust is void even though in some contingencies it may end during the statutory period. On the other hand, if the dominant purpose in the creation of the trust is that of division into separate shares the trust may be upheld even though in some contingency it is to be illegally prolonged (Matter of Horner, 237 N. Y. 489).
Within the will there is evidence that testator conceived of the trust as an entity to subsist until the survivor of Howard and Laura reached the age of 25 years. A fair reading of the provisions of subdivision c indicates that testator intended no distribution until the survivor of Howard and Laura reached that age. Until that time the only gift of the corpus is to the executors and trustees. “ Until each attains the age of twenty-five years ” the income is to be paid to Howard and Laura “ or to the survivor of them.” The gift of the corpus is to Howard and Laura or the survivor of them ‘ as each reaches the age of tAventy-five years. ’ ’ These tokens of intention might conceivably lead to an inference that testator thought of a single trust with alternative dispositions in the event that either HoAvard and Laura should die before the elder reached the age of 25. Under such circumstances, the time of the termination of the trust Avould depend on the continuance of the lives of Dell, Howard and Laura, a term beyond the permissible period.
On the other hand the will contains indications that testator considered the fund as divided into two separate trusts. Testator speaks of equal shares of income payable to Howard and Laura until each attains the age of 25 years. Testator’s intention to treat HoAvard and Laura equally is beyond doubt. Obviously the sharé of the corpus producing an equal share of the income is one half of the corpus. The one-half share of the income is not to be paid to the beneficiary after he reaches the age of 25. At that moment testator makes a gift of corpus to the one thereto *321 fore entitled to the income. The conclusion is clear that testator intended that the share of the corpus which produced the income is to he liberated and severed from the trust and paid over to the respective beneficiaries at that time. Testator thought of shares and of equality between Howard and Laura and of division of the corpus between them. Thus viewed, testator’s idea of a constructive division into two equal trusts may be reasonably discerned.
As it was said in Matter of Horner (237 N. Y. 489, 494, supra): ‘ ‘ The choice at best is between two obscurities ”. To such a case must be applied the principle of testamentary construction that if two constructions are reasonably possible the one that will sustain the validity of the will is to be preferred to the one that will defeat it. ‘ ‘ The court struggles to preserve, and surrenders to nothing short of obvious compulsion.” (Matter of Gallien, 247 N. Y. 195, 200.) This constructional preference for validity whenever possible short of obvious compulsion constrains the court to hold that testator intended to create separate trusts, one for the benefit of Howard and one for the benefit of Laura, to be administered in solido. So construed it is only when cross remainders of the trust for Dell are considered that a suspension of the absolute power of alienation beyond the permissible period occurs. Testator’s primary intention was that Howard and Laura should each receive a one-half share of the corpus of the trust. The cross remainders are subordinate to this thought. The good may be separated from the bad and effect given to the good. This is to be done here (Matter of Gorham, 283 N. Y. 399; Matter of Colegrove, 221 N. Y. 455).
The court holds that the trusts created under subdivisions b and c of paragraph fourth of the will are valid separate trusts to be administered in solido during the continuance of both, one trust being for the benefit of Howard E. St. John, Jr., and one trust being for the benefit of Laura Jane Frame, each trust consisting of one half of the residuary estate. The principal of thf trust fund for the benefit of Howard E. St. John, Jr., was dis tributable to him when he attained the age of 25 years on Febru ary 14, 1955. The said Howard E. St. John, Jr., having since died, the said principal is payable to his personal representatives. The income from the trust for the benefit of Laura Jane Frame is payable to her. Determination of further questions of construction not now presented is reserved until the necessity therefor appears. Settle decree on notice.