Harry G. Herman, S.
This independent proceeding for a construction and for the issuance of letters of trusteeship involves the validity of residuary trusts.
The testator died on May 16, 1958. By paragraph “ fifth ” of his will, dated April 18, 1958, the testator provided for a division of his residuary estate into three equal parts to be held in separate trusts for each of three daughters, all of whom survived him, with the duration of each trust measured by the life of the beneficiary. On the death of any daughter while a beneficiary ‘1 leaving lawful issue her surviving, such trust principal and income of such deceased daughter ” was directed to be paid to “ her said lawful issue ” equally. The will then provides that if a daughter should die ‘ ‘ leaving no lawful issue her surviving, such trust principal and income shall be added to the trusts or trust for the benefit of .the surviving daughters ”, but, “ [i]f there be no such surviving daughter, or issue of a surviving daughter, such trust principal and income shall be paid ” to the testator’s wife “ absolutely and in fee simple ”.
The initial changes (L. 1958, chs. 152, 153) in the New York Rule against Perpetuities (Personal Property Law, § 11; Real Property Law, § 42) are not applicable herein inasmuch as they apply only to estates or wills of persons dying on or after September 1, 1958. The executors ask the court to determine the validity of the residuary trusts under the former “ two lives ” rule as an incident to the issuance of letters of trusteeship. The court is thus presented with the familiar question of the appli *748 cability of the11 two lives ” rule to concurrent but separate trusts with cross-limitations in trust (5 Powell, Real Property, par. 797).
It is well settled that, in determining the validity of limitations of estates, “ it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. In other words, to render such future estates valid, they must be so limited that in every possible contingency, they will absolutely terminate at such period, or such estates will be held void.” (Schettler v. Smith, 41 N. Y. 328, 334-335 [1869].)
The cases in this State with regard to the application of the “ two lives ” rule to concurrent but separate trusts with cross-limitations in trust may be placed in three separate classifications.
In the first class the courts have sustained the validity of the primary uses of the separate trusts and provisions for distribution of corpus in the event of a beneficiary dying with issue, but have determined invalid in their entirety the cross-limitations in trust (Matter of Colegrove, 221 N. Y. 455 [1917]; Matter of Bardol, 253 App. Div. 498, affd. 278 N. Y. 543 [1938]; Matter of Gorham, 283 N. Y. 399 [1940]).
A second class of cases has invalidated the cross-limitations in trust only as to the subshares of the primary trusts held in trust for more than two lives (Matter of Halsey, 286 N. Y. 154 [1941]; Matter of Drake, 153 Misc. 691, affd. 246 App. Div. 758).
A third class, on the theory that the testator could not know who would die first, has invalidated the cross-limitations in trust as to any subshares of the primary trusts that could possibly be held in trust for more than two lives, looking forward from the date of the testator’s death (Matter of Friend, 283 N. Y. 200 [1940]; Matter of Reckford, 46 N. Y. S. 2d 894).
The view expressed in Matter of Frankenthal (127 N. Y. S. 2d 699, 701), which involved a situation similar to this proceeding, is pertinent herein: 1 ‘ The court holds that the primary life estates for the benefit of the respective daughters of the testator are unquestionably valid. An examination of the trust provisions discloses that they may validly vest under other circumstances within the statutory period of two lives. _ Conceivably, however, a situation might arise where parts of the cross-remainders may be invalid because of events that may prolong such vesting beyond the permissible period. That question however as to the disposition of the cross-remainders is at this .time academic and determination may only become necessary upon *749 the happening of contingencies which will terminate the trusts [citing Matter of Von Bernuth, 127 Misc. 705]. A construction with respect thereto will be left for future determination if necessary [citing Looram v. Looram, 269 N. Y. 296; Matter of Mount, 185 N. Y. 162].”
Submit decree construing the will accordingly sustaining the primary trusts and directing the issuance of letters of trusteeship to Lois B. Wilson, the other named individual trustees having renounced, upon her duly qualifying according to law. The decree shall contain an appropriate provision permitting her to act as trustee of each trust only until the death of the primary beneficiary of each trust.